**UNITED STATES of America,**
**Appellee,**

v.

**Arthur J. PORTH, Appellant.**

**No. 1–68.**

United States Court of Appeals,
Tenth Circuit.

April 10, 1970.

Rehearing Denied May 18, 1970.

John M. Brant, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., and Joseph M. Howard, Dept. of Justice, Washington, D. C., on the brief; Benjamin E. Franklin, U. S. Atty., and Bernard V. Borst, Asst. U. S. Atty., of counsel), for appellee.

Jerome Daly, Savage, Minn. (Phillip Leon and George E. Hasty, Wichita, Kan., on the brief), for appellant.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

PICKETT, Circuit Judge.

On December 1, 1966 the appellant, Arthur J. Porth, was charged in a five count indictment with the failure to deduct from employees' wages and account to the Internal Revenue Service required withholding taxes, failure to file withholding tax returns, and his individual tax return for the year 1963,[1] in viola-

---

1. Counts 1 and 2 charge the willful failure to truthfully account for and pay over to the IRS the FICA and federal income. taxes withheld from wages due and owing to the United States for the first and third quarters respectively of 1963 in vio-

tion of 26 U.S.C. §§ 7202 and 7203. Following a conviction on all five counts the sentence announced by the court was "for the maximum period authorized by law on each count and for a study as described in 18 U.S.C. § 4208(c)," all to run concurrently.[2] Generally, the purpose of § 4208(c) is for additional information to assist the court in passing final sentence. Numerous errors in the trial of the case are assigned. Those worthy of consideration are that the prosecution is barred by the statute of limitations; that there is a variance in the indictment and the evidence as to counts 1, 2 and 3; and that there was misconduct of a juror. It is also asserted that all the Internal Revenue taxing statutes, as they are interwoven with the Federal Reserve Act, are unconstitutional and void.

The facts are not in dispute. Porth for many years had been doing business in Wichita, Kansas as a general building contractor with numerous employees. Due to illness in June of 1963 his work was thereafter curtailed. He did employ a number of persons during the first and third quarters of that year and admittedly did not withhold and account to the Internal Revenue Service for the amounts due under the Federal Insurance Contributions Act (FICA) and for employees' federal withholding taxes. The required returns for FICA deductions and an accounting of the amounts withheld were due for the first quarter on April 30, 1963, and for the third quarter on October 31, 1963. The personal income tax return for the year 1963 was due April 15, 1964.[3] Porth was originally indicted on these alleged violations on October 21, 1965. On November 30, 1966 the district court, on an *ex parte* motion of the United States, found that the indictment was "defective and insufficient" and dismissed the indictment. The indictment upon which Porth was convicted was returned the following day.

 It is first contended that the indictment upon which Porth was charged was filed more than three years after the alleged offenses and that prosecution thereunder was barred by 26 U.S.C. § 6531.[4] This defense fails for two reasons. The indictment in counts 1 and 2 charges a "willful" failure "to truthfully account for and pay over" to the Internal Revenue Service FICA and general income taxes withheld from wages. Count 3 alleges that Porth

---

lation of 26 U.S.C. § 7202. Count 3 charges the willful and knowing failure to make an income tax return to the IRS for the calendar year 1963 in violation of 26 U.S.C. § 7203. Counts 4 and 5 charge the willful and knowing failure to file with the IRS an employer's quarterly federal tax return for the first and third quarters of calendar year 1963 in violation of 26 U.S.C. § 7203.

2. When the sentencing judge executed the formal judgment the sentence for counts 4 and 5 was omitted. This was an obvious oversight and may be supplied on return of Porth to the court for final disposition and does not affect the disposition of this appeal.

3. On February 28, 1964 Porth filed the usual income tax form in regard to income for the year 1963, which was entirely devoid of any reference to his income. It contained citations of various provisions of the Constitution of the United States for his refusal to complete the form. On March 5, 1964, a similar return was made which was devoid of any statement of his income for the year 1963. An agent of the Internal Revenue Service examined Porth's 1963 business records and found that he had paid wages to employees during the first and third quarters of the year 1963 for which FICA taxes were due, and that his personal income for the same year was more than $10,000, upon which there was income tax due.

4. 26 U.S.C. § 6531(4) in pertinent part states:
"No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—
 * * * * *
 (4) for the offense of willfully failing to pay any tax, or make any return * * * at the time or times required by law or regulations; * * *."

"willfully" failed to make an individual income tax return, and counts 4 and 5 allege a willful failure to file quarterly federal returns for the FICA taxes which the statute required to be withheld. These offenses are clearly within the six-year exception to the general three-year statute of limitations of § 6531. Waters v. United States, 328 F.2d 739 (10th Cir. 1964); United States v. Gase, 248 F.Supp. 704 (N.D.Ohio 1965); United States v. Doelker, 211 F.Supp. 663 (N.D.Ohio 1962); United States v. Alper, 200 F.Supp. 155 (D.N.J.1961); United States v. Tiplitz, 105 F.Supp. 512 (D. N.J.1952). Secondly, there is no contention that the original indictment of October 21, 1965 was not returned within three years after the offenses charged.[5] The first indictment was dismissed for technical reasons and a new indictment returned immediately.[6] We think this is exactly the kind of case to which 18 U.S. C. § 3288 was intended to apply and prosecution is not barred. United States v. Durkee Famous Foods, 306 U.S. 68, 59 S.Ct. 456, 83 L.Ed. 492 (1939); Mende v. United States, 282 F.2d 881 (9th Cir. 1960), cert. denied, 364 U.S. 933, 81 S. Ct. 379, 5 L.Ed.2d 365, reh. denied, 365 U.S. 825, 81 S.Ct. 689, 5 L.Ed.2d 704; United States v. Strewl, 99 F.2d 474 (2d Cir. 1938), cert. denied, 306 U.S. 638, 59 S.Ct. 489, 83 L.Ed. 1039, reh. denied, 306 U.S. 668, 59 S.Ct. 590, 83 L.Ed. 1063; United States v. Bair, 221 F. Supp. 171 (E.D.Wis.1963).

■ The contention that there is a fatal variance between the allegations of the indictment and the proof on counts 1 and 2 is based upon an interpretation of the language of these counts to the effect that they charge only a failure to account for and pay over taxes collected, while the proof shows that there were no collections. In short, Porth says, "I never collected the money; therefore, I cannot be guilty of failure to account." This argument is specious. The FICA requires an employer to deduct a stated percentage from employees' wages. 26 U.S.C. § 3102(a). In addition, when an accounting is made, the employer must pay a like percentage. 26 U.S.C. § 3111(a). An employer is also required to deduct from the wages due an employee stated amounts for income tax which the employee owes. 26 U.S.C. § 3402. The employee receives the total amount due him as wages less the aforesaid statutory deductions. If the statute is followed, the amount retained as taxes never leaves the employer's possession. It is true that the employer makes the deductions for the benefit of the United States, but he does not actually collect the tax; he merely retains money already in his possession which is part of the employee's wages. After computation of the tax, the employer, out of his own funds, pays the remaining amount due the employee. Also out of his own funds he is required to pay the taxes withheld. If he delivers the deducted amounts to the employee or anyone else, he still must file a return and account, and failure to do so violates the general penalty statute of 26 U.S.C. § 7202. An agreement with employees that they will pay their own FICA and withholding for income taxes does not affect the employer's statutory obligation.

■ Count 3 charged Porth with the failure to file or make an individual tax return for 1963. He claims that he is entitled to an acquittal on this count be-

---

5. 18 U.S.C. § 3288 in pertinent part is as follows:

"Whenever any indictment is dismissed for any error, defect, or irregularity with respect to the grand jury * * * after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment * * which new indictment shall not be barred by any statute of limitations."

6. The *ex parte* dismissal before trial was authorized by Rule 48(a), Fed.R.Crim.P. United States v. Boiardo, 408 F.2d 112 (3d Cir. 1969); United States v. Chase, 372 F.2d 453 (3d Cir. 1967), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626.

cause the proof shows he did file a return containing only his name and reference to various constitutional provisions which he says excused him from filing a return. The return filed was completely devoid of information concerning his income as required by the regulations of the IRS. A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner. 10 Mertens, the Law of Federal Income Taxation, § 55.22 (1964 Revision); Florsheim Bros. Dry Goods Co. v. United States, 280 U.S. 453, 462, 50 S.Ct. 215, 74 L.Ed. 542 (1930); Sanders v. Commissioner of Internal Revenue, 225 F.2d 629 (10th Cir. 1955), cert. denied, 350 U.S. 967, 76 S.Ct. 435, 100 L.Ed. 839 (1956); National Contracting Co. v. Commissioner of Int. Rev., 105 F.2d 488 (8th Cir. 1939).

■■■ Porth next contends that he should be granted a new trial because of the alleged bias and prejudice of one of the jurors who, after the trial, was found to be a director of a bank and had not disclosed that information during the voir dire examinations. The juror was not questioned during voir dire with reference to any affiliation he might have had with banks, although such an opportunity was afforded defense counsel. The trial court found the juror competent to sit and that his association with the bank was irrelevant and immaterial to the case. In such matters, "(t)he trial judge is vested with a wide discretion for determining the competency of jurors and his judgment will not be interfered with except in the case of an abuse of discretion." Bratcher v. United States, 149 F.2d 742, 745 (4th Cir. 1945), cert. denied, 325 U.S. 885, 65 S.Ct. 1580, 89 L.Ed. 2000 (1944); accord, Beck v. United States, 298 F.2d 622 (9th Cir. 1962), cert. denied, 370 U.

S. 919, 82 S.Ct. 1558, 8 L.Ed.2d 499 (1962); United States v. Sferas, 210 F. 2d 69 (7th Cir. 1954), cert. denied, Skally v. United States, 347 U.S. 935, 74 S. Ct. 630, 98 L.Ed. 1086 (1954); Ippolito v. United States, 108 F.2d 668 (6th Cir. 1940). We find no such abuse of discretion present.

Porth's defense primarily grew out of his long-time dislike for the taxing and money systems of the United States, his fanatical belief that they are unconstitutional, and his right to resist in good faith. In a previous case in this court, Porth advanced similar arguments, which were disposed of with this applicable statement:

"It is admitted that a federal income tax may be levied under the Sixteenth Amendment and no law, rule, or regulation is referred to which impinges upon or destroys any right guaranteed the taxpayer by the Constitution. The claim is clearly unsubstantial and without merit. * * * [S]imilar allegations were said to be far-fetched and frivolous. We think the description applies to the allegations in this case." Porth v. Brodrick, 214 F.2d 925, 926 (10th Cir. 1954).

See Brushaber v. Union Pac. R. R., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916); Swallow v. United States, 325 F.2d 97 (10th Cir. 1963), cert. denied, 377 U.S. 951, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964); Acker v. Commissioner of Internal Revenue, 258 F.2d 568 (6th Cir. 1958), aff'd, 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959); Abney v. Campbell, 206 F.2d 836 (5th Cir. 1953). There is a total lack of substance in this contention; it remains "far-fetched and frivolous."

Other assignments of error have been considered and found to be without merit or frivolous.

Affirmed.