KARL J. BRAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bray v. Commissioner
Docket No. 6653-77.
United States Tax Court
T.C. Memo 1979-84; 1979 Tax Ct. Memo LEXIS 435; 38 T.C.M. (CCH) 347; T.C.M. (RIA) 79084; March 15, 1979, Filed Richard W. Kennedy, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: In his statutory notice and in an amended answer, respondent determined a deficiency in petitioner's income tax for 1972 and additions to tax as follows: Additions to Tax Deficiency
Sec. 6654 [1]
Sec. 6651(a)(1)
Sec. 6653(a)
$2,901.78
$69.06
$725.45
$145.09
*436 At the trial of this case on January 24, 1979, respondent filed a motion to dismiss the case for lack of prosecution with respect to those issues upon which petitioner had the burden of proof. In support of this motion, respondent averred that the petitioner, Karl S. Bray, died subsequent to the filing of his petition in this case.Petitioner or his estate was not represented by counsel at the trial of this case and petitioner's only known heirs-at-law--his father, Kenneth Bray, and his mother, Lela Gutierrez--have indicated that they do not desire to participate in the trial of this case. Because the burden of proof rested with petitioner with respect to the deficiency in income tax of $2,901.78 and as to the section 6654 addition to tax of $69.06, the Court had no choice but to grant respondent's motion. Accordingly, the only issues remaining for decision are whether petitioner is liable for the additions to tax under section 6651(a)(1) and section 6653(a). [2]
*437 FINDINGS OF FACT Petitioner, Karl J. Bray, resided in San Diego, Calif., at the time of filing his petition herein. He subsequently died on May 7, 1978. For his taxable year 1972, petitioner filed a Form 1040, U.S. Individual Income Tax Return, on which he wrote his name, address, social security number and the statement: "5th Amendment--Go straight to Hell; do not pass go; do not collect $200 dollars!" He crossed out the "signed under penalties of perjury" line below which he placed his signature. On March 14, 1977, in connection with a criminal prosecution against him, petitioner stipulated with the Government that he received gross income in excess of $11,000 for the taxable year 1972. OPINION The first issue for decision is whether petitioner is liable for an addition to tax under section 6651(a)(1). Section 6651(a)(1) generally provides for an addition to tax upon the failure to timely file a return unless "such failure is due to reasonable cause and not due to willful neglect." This addition is 5 percent of the amount of tax required to be shown on the return for each month during which the return remains unfiled up to a maximum of 25 percent. Because petitioner's *438 gross income for 1972 exceeded $11,000, he was required to file a return by April 15, 1973. Secs. 6001, 6012, 6072. The Form 1040 as filed by petitioner did not constitute a return within the meaning of the statute inasmuch as it contained no "information relating to the taxpayer's income from which the tax can be computed." United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). In short, petitioner has not filed a return for 1972 and there is sufficient evidence in the record to support the conclusion that no reasonable cause existed for his failure to so file. Accordingly, we sustain respondent's determination with respect to the section 6651(a)(1) addition. The next issue is whether petitioner is liable for the section 6653(a) addition to tax. Section 6653(a) imposes a 5 percent addition to tax if any part of a deficiency in tax is due to "negligence or intentional disregard of rules and regulations." The amount of the addition is 5 percent of the deficiency. From an examination of the entire record, *439 it is clear that the deficiency in tax was a result of petitioner's intentional disregard of the rules and regulations including the requirement that he file a proper return. Thus, respondent's determination with respect to the section 6653(a) addition to tax is sustained. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Because these additions to tax were first raised by respondent at the trial of this case, the burden of proof with respect to them rests with respondent. Rule 142(a), Tax Court Rules of Practice and Procedure.↩