UNITED STATES of America

v.

Lawrence J. BLOCK.

Crim. A. No. 80–39A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 7, 1980.

James E. Fagan, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Edgar A. Neely, III, Robert G. Fierer, Fierer & Devine, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This criminal action involving alleged violations of the Internal Revenue Code, 26 U.S.C. §§ 7202 and 7203, is now before the Court for review of the Magistrate's Report and Recommendation upon Defendant's mo-

tions to dismiss and motion to obtain grand jury testimony. A 24–count indictment has been brought against Defendant, counts 1 through 12 charging that Defendant willfully failed to truthfully account for and pay over to the Internal Revenue Service (IRS) certain excise taxes in violation of 26 U.S.C. § 7202, and counts 13 through 24 charging that Defendant willfully failed to file federal excise tax returns with the IRS in violation of 26 U.S.C. § 7203. Defendant has filed a motion to dismiss the entire indictment on the ground of alleged violations of Rule 6(d) and (e), Fed.R.Crim.P. He has also moved to dismiss counts 1 through 12 on the basis that the charges contained therein are barred by the applicable statute of limitations, 26 U.S.C. § 6531. The Magistrate has recommended that all of Defendant's motions be denied.

On February 20, 1980, the Honorable Robert L. Vining, Jr. signed an order permitting the recorded grand jury testimony of four accountants given before one grand jury (the Duncan grand jury) to be presented to another grand jury (the Bethune grand jury) pursuant to Rule 6(e), Fed.R.Crim.P. References were made to the testimony of the four accountants by the case agent, IRS Special Agent Jeffrey Cook, during his testimony before the Bethune grand jury.

■■■■ Defendant argues that the entire indictment must be dismissed for several reasons. First, he argues that the testimony and summarization by Agent Cook amounted to the presence of an unauthorized person before the grand jury in violation of Rule 6(d), Fed.R.Crim.P. Rule 6(d) states:

> Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

The Court finds that Agent Cook's presence before the jury was in the role of a witness under examination which is allowed under Rule 6(d). Therefore Agent Cook was not an unauthorized person before the grand jury and Defendant has failed to show any probable prejudice due to Agent Cook's presence.

■■■■ Defendant's second reason for dismissing the entire indictment is that Agent Cook's remarks to the grand jury concerning the testimony of the four accountants constituted a summarization of their testimony which was hearsay and therefore inadmissible. However, the Fifth Circuit has already held that an indictment based on hearsay evidence is valid. *See United States v. Cruz*, 478 F.2d 408 (5th Cir. 1973); *see also Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

■■■■ Defendant's final contention with respect to the entire indictment is that the government violated Rule 6(e), Fed.R.Crim.P. by disclosing to Agent Cook the transcripts of the testimony of the accountants. Rule 6(e)(2) is the general rule of secrecy which prohibits disclosure of matters occurring before a grand jury. Rule 6(e)(3) allows for certain exceptions to the rule of secrecy. Rule 6(e)(3)(A)(ii) states:

> Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—
>
> . . . (ii) such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

In this case, Agent Cook's viewing of the transcripts fell within the exception to secrecy established in Rule 6(e)(3)(A)(ii) since he was the IRS agent working on the case and assisting the attorney for the government in preparing the case.

Defendant has also moved to dismiss counts 1 through 12 of the indictment on the ground that they are barred by the statute of limitations set out in 26 U.S.C. § 6531, which reads in pertinent part as follows:

No person shall be prosecuted, tried or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years–

(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner, . . .

(4) for the offense of willfully failing to pay any tax, or make any return . . . at the time or times required by law or regulations . . .

Defendant was indicted by a grand jury for violations of 26 U.S.C. § 7202 (counts 1 through 12), as well as other charges, on February 22, 1980. Counts 1 through 12 relate to taxes due for the last quarter of 1973, all quarters of 1974 and 1975, and the first three quarters of 1976. Defendant argues that the three–year limitations period of § 6531 applies to violations of § 7202, whereas the government contends that the six–year period applies under § 6531(1) or (4).

Section 6531(1) was previously embodied in Section 1110(a) of the Revenue Act of 1926. In *United States v. Scharton*, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917 (1932), the Court held that the six–year limitation period of § 1110(a) was confined to those cases in which fraud is made an element by the statute defining the offense, and that it does not apply to the offense of willfully attempting to evade a tax (formerly § 1114(b), now § 7201) even though the attempt alleged was by falsely understating taxable income. *See also United States v. Noveck*, 271 U.S. 201, 46 S.Ct. 476, 70 L.Ed. 904 (1926). The Court went on to say "as the section [1110(a)] has to do with statutory crimes it is to be liberally interpreted in favor of repose, and ought not to be extended by construction to embrace so–called frauds not so denominated by the statutes creating offense." (285 U.S. at 522, 52 S.Ct. at 417). Since 26 U.S.C. § 7202 does not mention fraud in any manner, as does § 7204 through 7207, then the six–year limi-

tations period under § 6531(1) is not applicable to counts 1 through 12 under the holding in *Scharton, supra.*

The government also contends that § 6531(4) is applicable to the alleged violations of § 7202, citing *United States v. Smith*, 618 F.2d 280 (5th Cir. 1980) and *United States v. Porth*, 426 F.2d 519 (10th Cir. 1970). *Smith* is not germane because the defendant in that case was convicted of violations of 26 U.S.C. §§ 7203 and 7205 and it appears that he was never indicted for violations of § 7202. In *Porth, supra*, the court said:

The indictment in counts 1 and 2 charges a "willful" failure "to truthfully account for and pay over" to the Internal Revenue Service FICA and general income taxes withheld from wages. Count 3 alleges that Porth "willfully" failed to make an individual income tax return, and counts 4 and 5 allege a willful failure to file quarterly federal returns for the FICA taxes which the statute required to be withheld. These offenses are clearly within the six–year exception to the general three–year statute of limitations of § 6531. *Waters v. United States*, 328 F.2d 739 (10th Cir. 1964) (other cites omitted). (at 521–22).

The court in *Porth* gave no reasoning for such a finding nor did it specify which of the several exceptions in § 6531 applied to the different offenses charged in the indictment in that case. In *Waters, supra*, relied upon by the court in *Porth*, the defendant was charged with violating 26 U.S.C. § 5851 and the court in *Waters* held that the exception found in § 6531(2) is not applicable to an offense based on § 5851. Therefore *Waters* is clearly inapplicable to this case and *Porth*, as a result of its reliance on *Waters* and its lack of reasoning or analysis in support of its finding, is of limited assistance to this Court.

■ The question presented is quite simply one of statutory interpretation. The question is: Does 26 U.S.C. § 6531(4), which establishes a six–year period of limitations for "the offense of willfully failing to pay

any tax," apply to failure to "pay over" third party taxes in violation of 26 U.S.C. § 7202? Having given the matter careful consideration, the Court concludes that it does not and that accordingly the government may not rely upon that subsection to avoid the bar of the statute of limitations.

It is obvious from a reading of 26 U.S.C. § 6531 that Congress had the statutory scheme of 26 U.S.C. § 7201 *et seq.* in mind when considering what offenses should be exempted from the three–year period of limitations generally applicable. For one thing, this is obvious from the fact that specific mention is made of certain of such code sections by number (see, *e. g.*, § 6531(5) referring to §§ 7206 and 7207). In addition, there is substantial borrowing of statutory language from certain of the code sections in the § 7201 *et seq.* series in § 6531. However, the key words of § 7202, "collect, account for, and pay over" are entirely absent from the subsections of § 6531 which establish the longer six–year period of limitations. It seems unlikely to the Court that Congress would have used the language of so many of the § 7201 *et seq.* code sections when drafting the subsections of § 6531 but omit use of the key words of § 7202 if it had intended to make failure to "pay over" third party taxes subject to the six–year statute of limitations.

█ Another factor which persuades the Court to adopt the interpretation urged by Defendant is that § 6531(4) is directed at "*the* offense of willfully failing to pay any tax . . . ." (emphasis added), not a class of offenses.[1] It is quite clear that failure to "pay over" third party taxes is substantively different from failure to pay taxes. *See Slodov v. United States*, 436 U.S. 238, 248–50, 98 S.Ct. 1778, 1785–1787, 56 L.Ed.2d 251 (1978).

The Court has considered the government's argument that the word "pay" is sufficiently general to include "pay over";[2] also the Court has noted the seeming incongruity of Congress' providing a six–year period of limitations for the misdemeanor offense under 26 U.S.C. § 7203 of failure to file a return, but providing a three–year period of limitations for the felony of failing to "pay over" taxes under § 7202. On the latter point, no obvious explanation presents itself. A plausible explanation might be that the more egregious cases of failure to pay over third party taxes could also be prosecuted under § 7201, which makes willful attempts to evade or defeat any tax a felony, with a six–year statute of limitations per § 6531(2). In this regard, it is observed that 26 U.S.C. § 6672, which is a civil penalty section, provides a penalty for both failure to "collect, truthfully account for and pay over" *and* attempts to "evade or defeat any such tax." However, Chapter 75 "Crimes, Other Offenses and Forfeitures" of Title 26, divides the two into separate crimes.

For the foregoing reasons, the Magistrate's Report and Recommendation is ADOPTED IN PART and REJECTED IN PART.

Having found that the government may not avail itself of the six–year period of limitations on Counts 1 through 12, the Court now turns to the government's request that it be permitted to amend its response heretofore made to the Motion to Dismiss to assert that certain counts of the indictment otherwise barred by the statute may be viable because the statute of limitations was tolled. Having considered the government's request, and finding it to be in the interest of justice to permit the government to amend its response, the Court GRANTS the government's request. The Court further ORDERS that a hearing be held in this matter on Thursday, October 9, 1980, at 10:30 a. m. At that time, both the government and the Defendant may present such evidence as they deem pertinent on the issue of tolling, together with argument on the law.

---

1. For example, § 6531(1) applies to ". . . offenses *involving* the defrauding or attempting to defraud the United States . . . ." (emphasis added).

2. The Court concludes that although a lay person would probably use this approach, the drafters of § 6531 more likely would have used the terms as are reflected in §§ 7201 *et seq.*

Finally, the Court turns to the Defendant's request for a continuance of the trial date, made at oral argument before the Court on the Motion to Dismiss held on October 6, 1980. In light of the action taken herein, a continuance is appropriate. The trial of the action is hereby reset to begin on Monday, October 20, 1980, at 9:30 a. m.