CHARLES A. and PATRICIA A. CLARK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 6321-79.
United States Tax Court
T.C. Memo 1980-573; 1980 Tax Ct. Memo LEXIS 2; 41 T.C.M. (CCH) 618; T.C.M. (RIA) 80573; December 30, 1980
Charles A. Clark, pro se. Gary A. Benford, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Charles A. Clark
Sec.
Sec.
Sec.
Year
Deficiency
6651(a) [1]
6653(a)
6654
1974
$ 10,805.12
$ 1,951.28
$ 540.26
$ 225.77
1975
3,293.24
823.31
164.66
143.32
Patricia *3 A. Clark
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)
6654
1974
$ 9,762.32
$ 1,690.58
$ 488.12
$ 192.40
1975
2,179.34
544.84
108.97
94.85
The parties have stipulated that the sole issue for decision is whether petitioners are persons required to make Federal income tax returns and pay income taxes for 1974 and 1975. At the time their petitioner was filed, petitioners Charles A. and Patricia A. Clark were legal residents of Dallas, Texas. For 1974, petitioners completed and mailed to the Internal Revenue Service a Form 1040, entitled U.S. Individual Income Tax Return, which reported "Wages, salaries, tips, and other employee compensation" in the amount of "None" and which stated "Objection: self incrimination" with respect to "Dividends," "Interest income," and "Income other than wages, dividends, and interest." The Form 1040 was received by the Office of District Director, Internal Revenue Service, Dallas, Texas, on June 11, 1975. Respondent mailed notices of deficiencies for 1974 and 1975 to petitioners on February 14, 1979. [2]
*4 The notices of deficiencies reflect that petitioners' gross receipts were computed by reference to bank deposits and that business expenses were determined by reference to cancelled checks. Petitioners offered no evidence to show that the taxable income or the amounts of the determined tax and additions to tax were erroneous. Petitioner Charles A. Clark appeared when the case was called for trial and argued that petitioners are not subject to the income tax on the theory that the Sixteenth Amendment to the Constitution permits the income tax to be applied only to corporations and that it does not permit the imposition of income taxes on individuals. The argument is frivolous not only in the light of the history of the income tax since March 1, 1913, but also under the clear provisions of the Constitution. The power to tax is granted in board and sweeping terms by Article I, section 8, clause 1 of the Constitution as follows: The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United *5 States; The authority thus granted "is exhaustive and embraces every conceivable power of taxation." Brushaber v. Union Pac. R.R.,240 U.S. 1, 12 (1915). The power was subject, however, to qualifications upon the manner in which it might be exercised: (1) Duties, imposts, and excises must be "uniform throughout the United States" (Art. I, sec. 8, clause 1, supra); and (2) capitation and other "direct" taxes must be apportioned among the States according to population (Art. I, sec. 2, clause 3 and Art. I, sec. 9, clause 4). In Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895), rehearing 158 U.S. 601 (1895), the Supreme Court held, among other things, that an income tax imposed upon rents or income from real property and upon income from invested personal property was the equivalent of a direct tax upon the property and was therefore invalid for want of appointment. The Court made it plain that it was not reaching this result with respect to a tax on "professional receipts" (157 U.S. at 579), or "on gains or profits from business, privileges, or employments" (158 U.S. at 635). Because the Court's *6 holding proscribed an income tax on all income, however, the Sixteenth Amendment, which is as follows, was adopted: The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration. Thus, there is no ground for petitioners' argument. Petitioners have not shown that their situation is any different from that of the millions of other individual taxpayers who annually pay Federal income taxes under the laws enacted by Congress pursuant to Article I and the Sixteenth Amendment of the Constitution. In the absence of any evidence to show that the determinations in the notices of deficiency are erroneous, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
2. The Form 1040 transmitted to the Internal Revenue Service does not constitute a return, see, e.g., Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), affd. per order (3d Cir. June 10, 1977); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824↩ (1970); the notice of deficiency for 1974 was timely. Sec. 6501(c)(3).