GEORGE W. SAMPSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sampson v. Commissioner
Docket No. 1000-82
United States Tax Court
T.C. Memo 1983-512; 1983 Tax Ct. Memo LEXIS 284; 46 T.C.M. (CCH) 1182; T.C.M. (RIA) 83512; August 22, 1983. *284 Petitioner filed Forms 1040 which contained no figures or other information with respect to his income. In the notice of deficiency respondent determined that petitioner was taxable on the amounts he admittedly received as wages. Held: Petitioner's constitutional rights were not violated and the deficiencies determined by respondent are sustained. Held,further: Petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654, I.R.C. 1954. George W. Sampson, pro se. Robert M. Hallmark, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's Federal income tax: Additions to Tax [1]
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654
1978
$8,093.09
$1,839.05
$404.65
$229.50
1979
$11,990.12
$2,414.99
$599.51
$379.66
1980
$ 8,956.99
$2,188.31
$447.85
$555.55
The issues for decision are (1) whether various constitutional rights of petitioner have been violated, and (2) whether petitioner is liable for certain additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by reference. *286 Petitioner George W. Sampson resided in Walcott, Wyoming on the date the petition was filed. Petitioner filed with the Internal Revenue Service a Form 1040 for each of the taxable years 1978, 1979, and 1980. The Forms 1040 filed by petitioner for each of the taxable years in issue contained single asterisks in each of the spaces in which an income or other figure was to be reported. The single asterisks referred to petitioner's constitutional objections to having to provide the requested information. During the taxable years 1978, 1979, and 1980, petitioner received wages from employers of $26,546.17, $34,983.55, and $29,199.97, respectively. Respondent determined a deficiency in petitioner's Federal income tax for 1978, 1979, and 1980, based on petitioner's failure to report any of his wages for these years as taxable income. In addition, respondent determined that petitioner was liable for various additions to tax. OPINION The first issue is whether various constitutional rights of petitioner have been violated. Petitioner contends that the requirement that he complete and file a valid Federal income tax return violates his Fourth Amendment rights against unreasonable *287 search and seizure and his Fifth Amendment rights against self-incrimination. Petitioner further contends that the notice of deficiency "was issued without due process." We disagree. Each of petitioner's constitutional arguments have been repeatedly rejected by this and other Courts. See White v. Commissioner,72 T.C. 1126 (1979); Cupp v. Commissioner,65 T.C. 68 (1975). affd. by unpublished order 559 F.2d 1207 (3rd Cir. 1977), and we likewise reject them. [1]
The second issue is whether petitioner is liable for various additions to tax. Petitioner has the burden of proving that he is not liable for the various additions to tax. Welch v. Helvering,290 U.S. 11, 115 (1933). The first addition to tax determined by respondent is under section 6651(a)(1) for petitioner's failure to timely file an income tax return for 1978, 1979, and 1980. Although petitioner filed Forms 1040 for each of the years in issue, they contained no information relating to his income and deductions, and therefore, did not constitute "returns" *288 within the meaning of section 6012. Hatfield v. Commissioner,68 T.C. 895 (1977). White v. Commissioner,72 T.C. 1126, 1129 (1979); Porth v. United States,426 F.2d 519 (10th Cir. 1970). Petitioner has failed to show that his failure to file timely returns was due to reasonable cause and thus he is liable for the addition to tax under section 6651(a)(1). The second addition to tax determined by respondent was imposed under section 6653(a) for negligence. Petitioner failed to offer any evidence to show that his underpayments of tax were not due to negligence and, therefore, the additions to tax determined pursuant to section 6653(a) must be sustained. The third and final addition to tax determined by respondent was imposed under section 6654 for underpayment of estimated tax. Petitioner has totally failed to show that he is not liable for the mandatory addition to tax imposed under section 6654, and, accordingly, the addition to tax must be sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable years in issue.↩
1. Petitioner did not specify why the notice of deficiency was issued without due process.↩