CHRISTOPHER JAMES VALVERDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Valverde v. Commissioner
Docket No. 36740-84.
United States Tax Court
T.C. Memo 1987-203; 1987 Tax Ct. Memo LEXIS 199; 53 T.C.M. (CCH) 628; T.C.M. (RIA) 87203; April 20, 1987. Christopher James Valverde, pro se. Andrew D. Weiss, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for 1981 as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654(a)
$5,618.00
$1,060.29
$280.90
50 percent of
$298.19
interest due on
underpayment due
to negligence
*200 The issues for decision are: (1) whether the Form 1040 filed by petitioner for 1981 on which petitioner typed "OBJECT SELF INCRIMINATION" or "none" on lines 7 through 66 constitutes a valid Federal income tax return; (2) whether petitioner is liable for the addition to tax for failure to file a return under section 6651(a)(1); (3) whether petitioner is liable for the additions to tax for negligence under sections 6653(a)(1) and 6653(a)(2); and (4) whether petitioner is liable for the addition to tax for underpayment of estimated tax under section 6654(a). Some of the facts have been stipulated and are so found. Petitioner resided in Manteca, California, at the time he filed his petition in this case. Petitioner filed a Fifth Amendment protester-type Form 1040 for 1981, on which he typed "OBJECT SELF INCRIMINATION" or "none" on lines 7 through 66 of the form. Such a document does not constitute a return and petitioner is consequently liable for the addition to tax under section 6651(a)(1). United States v. Porth,426 F.2d 519 (10th Cir. 1970); Beard v. Commissioner,82 T.C. 766 (1984), affd. 793 F.2d 139 (6th Cir. 1986). At *201 the trial, petitioner conceded that he is now raising no substantive issues in this case, except that he objects to the imposition of the additions to tax for negligence on the ground that employees of the Internal Revenue Service declined to discuss with him the authority by which income tax returns are required and the basis upon which the Commissioner determined the additions to tax under consideration here. Petitioner filed a valid 1980 return and was well aware of his obligation to file correct returns. We accordingly affirm the imposition of the additions to tax for negligence under sections 6653(a)(1) and 6653(a)(2). For the year 1981 petitioner had $1,377 withheld from his pay. None of the exceptions contained in section 6654(a) (relating to estimated tax) is applicable. The addition to tax under section 6654(a) is therefore sustained. Respondent concedes that petitioner is entitled to income averaging based upon a schedule offered into evidence at trial and that the deficiencies in tax and additions to tax should be adjusted accordingly. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to sections of the Internal Revenue Code in effect during 1981. All Rule references are to the Tax Court Rules of Practice and Procedure.↩