**1548**

UNITED STATES of America, Plaintiff,

v.

John MUSACCHIA and Joseph Gambino, Defendants.

No. CR 88–00313(1–2).

United States District Court,
E.D. New York.

Oct. 18, 1988.

James H. Rodio, U.S. Dept. of Justice, Washington, D.C., for U.S.

Kase & Druker by James O. Druker, Garden City, N.Y., for Musacchia.

Hoffman & Pollok, by John L. Pollok, New York City, for Gambino.

MEMORANDUM AND ORDER

WEXLER, District Judge.

Defendants John Musacchia and Joseph Gambino were indicted on charges that they were involved in an unlawful scheme to avoid paying a $.09 per gallon federal gasoline excise tax through the use of dummy corporations set up in what is commonly termed a "daisy chain." The indictment alleged the following facts as a basis for the charges. Musacchia was the chief executive officer and sole stockholder of O.K. Petroleum Products Corporation ("O.K. Petroleum"), a fifty percent owner of C.W.M. Petroleum Corp. ("C.W.M. Petroleum"), and had a controlling interest in A.K.A. Petroleum Sales Corp. ("A.K.A. Petroleum"). Musacchia and Gambino operated the businesses of A.K.A. Petroleum and C.W.M. Petroleum from the office of O.K. Petroleum. None of the above mentioned companies possessed a valid Registration for Tax Free Transactions ("I.R.S. Form 637"), which is required before one can engage in tax free gasoline transactions.

The indictment further alleged that various gasoline producers would supply gasoline to one Rappaport Fuel Corp. ("Rappaport"), which possessed a valid IRS Form 637, and that Rappaport, through its president, Herman DeJonge, would sell the gasoline to C.W.M. Petroleum, O.K. Petroleum, and A.K.A. Petroleum without invoicing the sales and would record the sales as tax free sales to companies that did possess IRS Form 637's. Musacchia would then pay DeJonge between $.01 and $.02 per gallon for his role in the scheme.

Counts two and four charged defendants with willfully aiding, abetting, counseling, commanding, and inducing Herman DeJonge and Rappaport to attempt to evade and defeat federal excise tax on gasoline, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. Counts three and five charge defendants with willfully aiding, abetting, counseling, commanding and inducing Herman DeJonge and Rappaport to fail to truthfully account for and pay over to the

Internal Revenue Service federal gasoline excise tax, in violation of 26 U.S.C. § 7202 and 18 U.S.C. § 2. Musacchia was also charged, in count six, with willfully aiding, abetting, counseling, commanding and inducing O.K. Petroleum to attempt to evade and defeat federal gasoline excise tax in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. Count seven charged Musacchia with willfully aiding, abetting, counseling, commanding and inducing O.K. Petroleum to fail to truthfully account for and pay over to the Internal Revenue Service federal gasoline excise tax in violation of 26 U.S.C. § 7202 and 18 U.S.C. § 2.

Prior to going to trial, Musacchia moved to dismiss counts two through seven of the indictment on the ground that, *inter alia,* the statute of limitation had run with respect to these charges. Gambino joined in this application with respect to counts two through five. Oral argument was held on the day of trial and at that time, the Court denied the motion and indicated that this opinion would follow.

The applicable periods of limitation for tax related offenses are set forth in 26 U.S.C. § 6531. Section 6531 provides:

No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—

(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner;

(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;

(3) for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document);

(4) for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of Part III of subchapter A of chapter 61) at the time or times required by law or regulations;

(5) for offenses described in sections 7206(1) and 7202 (relating to false statements and fraudulent documents);

(6) for the offense described in section 7212(1) (relating to intimidation of officers and employees of the United States);

(7) for offenses described in section 7214(a) committed by officers and employees of the United States; and

(8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

26 U.S.C. § 6531. Defendants argued that the general three year statute of limitation for internal revenue violations governs the charges filed against them. The government, however, contended that the crimes with which the defendants were charged fall within the exceptions to the general three year rule and thus are governed by an extended six year statute of limitation.

In support of their position that the three year statute of limitation applies, defendants proffered the following argument. One of the exceptions, carrying a six year statute of limitations, is the offense of "willfully aiding or assisting in, or procuring, counseling, or advising the preparation or presentation [to the Internal Revenue Service] ... of a false return, affidavit, claim, or document...." 26 U.S.C. § 6531(3). Section 6531(3) is the only exception to the three year statute of limitations that contains language relating to aiding and assisting. Therefore, defendants contend that, under the principle of *express unis,* the absence of any mention of aiding and abetting in the context of any other exception means that aiding and abetting any of those substantive offenses is

governed by a three year period of limitation.

Although the simplicity of defendants' argument is appealing at first blush, defendants' reasoning is in fact flawed. Section 6531(3) does not refer to the act of aiding and abetting one in the commission of a substantive criminal offense. Section 6531(3) addresses conduct that is itself a substantive crime. Section 6531(3) speaks to the offense of aiding or assisting in the preparation of a false tax return or like document. The use of the word "aiding" in this subsection is not synonomous with the familiar legal concept "aiding and abetting." Rather, the term aiding is merely descriptive of the nature of the conduct one engages in when preparing tax documents for another. The act of aiding or assisting in the preparation of false tax documents is itself a substantive criminal offense directed toward individuals who use their skills and expertise in preparing tax returns in a manner which enables others to defraud the United States. The conduct of assisting in the preparation of these false documents is itself a criminal offense separate and distinct from the more general concept of aiding and abetting an individual in the commission of a given crime.

■■■■ Where a defendant is charged with aiding and abetting the commission of a crime, the applicable statute of limitation is that which pertains to the underlying crime to which he has allegedly acted as an aider and abettor. *United States v. Campbell*, 426 F.2d 547, 553 (2d Cir.1970). The Second Circuit in *Campbell* reasoned that, since under 18 U.S.C. § 2 one who aids or abets the commission of a crime is punishable as a principal and, since § 6531 provides that the six year statute of limitation applies to certain "offenses," it is the offense and not the actor's capacity, as principal or aider and abettor, that determines the applicability of the six year period of limitation. *Id.* at 553.

The two underlying offenses at issue here are: (1) willfully attempting to evade or defeat any tax, charged in counts 2, 4, and 6; and (2) willfully failing to collect or truthfully account for and pay over any tax, charged in counts 3, 5, and 7. The government maintained that these offenses both carry six year periods of limitation under § 6531(2) and (4) respectively. Defendants did not dispute this contention.[1] Accordingly, counts two through seven are not barred by the statute of limitation.

SO ORDERED.

■■■■

---

1. Although it is beyond dispute that § 6531(2) provides a six year period of limitation for the offense of willfully attempting to evade or defeat any tax, it is not equally as clear that § 6531(4), which provides a six year period of limitation "for the offense of willfully failing to pay any tax", applies to the offense of willfully failing to pay *over* any tax. *Compare United States v. Porth*, 426 F.2d 519 (10th Cir.), *cert. denied* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970) with *United States v. Block*, 497 F.Supp. 629 (N.D.Ga.1980) (aff'd on other grounds).

The Tenth Circuit in *Porth*, citing § 6531(4), held that the offense of willfully failing to truthfully account for and pay over taxes is clearly governed by a six year statute of limitation. *Porth*, 426 F.2d at 521–22. Criticizing *Porth's* holding and its absence of analysis on this point, the *Block* court reasoned that "failure to 'pay over' third party taxes is substantially different from failure to pay taxes." *Block*, 497 F.Supp. at 632 (citing *Slodov v. United States*, 436 U.S. 238, 248–50, 98 S.Ct. 1778, 1785–87, 56 L.Ed.2d 251 (1978)). The court in *Block* concluded that if Congress had intended to except from the three year statute of limitation the crime of failing to pay over taxes, it would have either cited that offense directly or used "key words" of that offense in one of the enumerated exceptions to the three year rule. *Id.* at 632. Since defendants never contested the applicability of § 6531(4) to the underlying offense of failure to pay over taxes, either at the time of their motion or subsequently, this issue was never placed before the Court.