**UNITED STATES of America, Plaintiff,**

v.

**Rao GOLLAPUDI, Defendant.**

**Crim. No. 96–220 (WGB).**

United States District Court,
D. New Jersey.

Oct. 15, 1996.

United States Department of Justice, United States Attorney, District of New Jersey, Newark, NJ by Faith S. Hochberg, U.S. Attorney, Carlos F. Ortiz, Assistant U.S. Attorney, for United States.

Podvey, Sachs, Meanor, Catenacci, Hildner & Cocoziello, P.C., Newark, NJ by David L. Kay, for Defendant.

---

## OPINION

BASSLER, District Judge:

The Defendant moves to dismiss Counts One through Nine of the indictment on the ground that the three year statute of limitations under 26 U.S.C. § 6531 precludes prosecution of offenses under 26 U.S.C. § 7202. For the following reasons, the motion of the Defendant is **DENIED.**

## I. BACKGROUND

Defendant Rao Gollapudi is the president and sole shareholder of Softstar Computer Consultants, Inc., incorporated in Michigan in July 1984, and operated in New Jersey since 1987. Between 1989 and 1991, Softstar employed fifteen (15) people. Despite the fact that Defendant withheld federal income tax and Federal Insurance Contributions Act ("FICA") taxes from his employees' paychecks and issued them W–2 Statement of Wages Forms, Defendant never filed Forms 941, Employer's Quarterly Tax Returns, nor did he remit the withheld funds to the Internal Revenue Service ("IRS"). Defendant allegedly failed to remit to the IRS $320,313 in withheld federal income taxes and FICA taxes collected for his employees from the fourth quarter of 1989 to the fourth quarter of 1991.

On April 19, 1996, a Grand Jury for the District of New Jersey returned a twelve count indictment against Defendant Rao Gollapudi. Counts One through Nine allege violations of 26 U.S.C. § 7202 for failure to collect, account for, and pay over federal income taxes and FICA taxes for each tax quarter from the fourth quarter of 1989 continuing through the fourth quarter of 1991. Furthermore, Counts Ten through Twelve allege violations of § 7206(1) concerning Defendant's filing of false individual income tax returns for the calendar years 1989, 1990, and 1991.

Defendant challenges Counts One to Nine of his indictment as being barred by the three year statute of limitations in 26 U.S.C. § 6531. The Government asserts that Defendant's violation of § 7202 falls under one of the exceptions to the general three year statute of limitations, § 6531(4), which provides for a six year statute of limitations.

In addition to opposing the Defendant's motion to dismiss Counts One to Nine of the Indictment, the Government asks the Court to order Defendant to provide Reciprocal Discovery as mandated by Fed.R.Crim.Pro. 16(b)(1)(A)–(C).

## II. LEGAL ARGUMENT

### A. 26 U.S.C. § 6531(4) Applies to 26 U.S.C. § 7202.

■ Defendant has been charged with nine counts of violating § 7202, "Willful failure to collect or pay taxes":

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202.

The statute of limitations for all criminal tax violations is set forth in 26 U.S.C. § 6531. Under § 6531:

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitations shall be six years—
>
> (1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner;
>
> (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof;
>
> (3) for the offense of willfully aiding or assisting in, or procuring, counseling, or advising, the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit,

claim, or document (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document);

(4) for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of part III of subchapter A of chapter 61) at the time or times required by law or regulations;

(5) for offenses described in sections 7206(1) and 7207 (relating to false statements and fraudulent documents);

(6) for the offense described in section 7212(a) (relating to intimidation of officers and employees of the United States); and

(7) for offenses described in section 7214(a) committed by officers and employees of the United States; and

(8) for offenses arising under section 371 of Title 18 of the United States Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.

26 U.S.C. § 6531. The offenses which fall under the eight exceptions to § 6531 are included either by a general description of the proscribed conduct or by a specific reference to a section of the Code.

The criminal offense of § 7202 is not one of the specifically enumerated offenses under § 6531(1)–(8). Therefore, it must be determined whether the general description of the proscribed conduct in § 6531(4), "for the offense of willfully failing to pay any tax, or make any return," encompasses the criminal offense under § 7202.

Criminal statutes of limitations exist "to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts ... encouraging law enforcement officials promptly to investigate suspected criminal activity." *Toussie v. United States*, 397 U.S. 112, 114–115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). The Supreme Court has indicated that criminal statutes of limitation are to be liberally interpreted in favor of repose. *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971) citing *United States v. Habig*, 390 U.S. 222, 227, 88 S.Ct. 926, 929,

19 L.Ed.2d 1055 (1968), *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945).

No court in the Third Circuit has yet addressed the issue of whether § 6531(4) applies to criminal offenses under § 7202. While both the Second Circuit and the Tenth Circuit have found that prosecutions for violations of § 7202 must be commenced within six years under § 6531(4), two district courts that have addressed the issue have held that § 6531(4) does not apply to offenses under § 7202. This Court finds the reasoning of the Circuit courts to be persuasive.

The Tenth Circuit was the first circuit court to address whether § 6531(4) applies to § 7202. *United States v. Porth*, 426 F.2d 519 (10th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970). In *Porth*, the defendant was indicted for a willful failure to truthfully account for and pay over to the IRS, FICA and general income taxes withheld from wages, a willful failure to make an individual income tax return, and a willful failure to file quarterly federal returns for FICA taxes the statute required to be withheld. The Tenth Circuit, without extensive analysis, found that the offenses under § 7202 were "clearly within the six-year exception to the general three-year statute of limitations of § 6531." *Id.* at 521–22.

The Second Circuit also addressed the issue in *United States v. Musacchia*, 900 F.2d 493 (2d Cir.1990), *vacated in part on other grounds*, 955 F.2d 3 (2d Cir.), *cert. denied*, 501 U.S. 1250, 111 S.Ct. 2887, 115 L.Ed.2d 1052 (1991), holding that violations of § 7202 are subject to the exception under § 6531(4) providing for a six year statute of limitation. The Second Circuit based its decision on several grounds.

First, the Second Circuit noted that "[a]lthough § 6531(4) does not track the language of § 7202 precisely, in the Supreme Court's decision in *Slodov v. United States*, 436 U.S. 238, 249, 98 S.Ct. 1778, 1786, 56 L.Ed.2d 251 (1978), the terms 'pay' and 'pay over' were used interchangeably." *Musacchia*, 900 F.2d at 500. In *Slodov*, the Supreme Court used these terms interchangeably when discussing the purposes of § 7202 and its civil penalty counterpart, § 6672, stating that "[s]ections

6672 and 7202 were designed to assure compliance by the employer with its obligation to withhold and *pay* the sums withheld, by subjecting the employer's officials responsible for the employer's decision regarding withholding and payment to civil and criminal penalties for the employers' delinquency." *Slodov*, 436 U.S. at 247, 98 S.Ct. at 1785.

Secondly, the Second Circuit expressly stated "it would be inconsistent for Congress to have prescribed a six-year limitation period for the misdemeanor offense defined in 26 U.S.C. § 7203 (failure to file a return or pay a tax) while providing only a three-year limitation period for the felony offense defined in § 7202." *Musacchia*, 900 F.2d at 500. While Defendant argues that this is merely a superficial argument, the Second Circuit found it to be pure common sense, as it would make little logical sense if the period in which an offender could be prosecuted for the misdemeanor of failing to file a tax return was twice as long as the period in which an offender could be prosecuted for failing to pay taxes collected on behalf of employees over to the IRS. *Id.*

Finally, the Second Circuit found "the language of section 6531(4)—applying the six-year statute of limitations to 'the offense of willfully failing to pay any tax, or make any return ... at the time or times required by law or regulations'—suggests that it applies to any of several sections of the Code that define such an offense." *Id.*

The Second Circuit did consider the only district court case on point to the contrary at the time, *United States v. Block*, 497 F.Supp. 629 (N.D.Ga.1980), but dismissed its reasoning as unpersuasive. Therefore, the Second Circuit held that § 7202 was subject to the six year period of limitation under § 6531(4).

Defendant asserts that the two district cases on point are more persuasive in their analysis than the opinions of the circuit courts. In *United States v. Block*, the district court went through a detailed analysis of each of the sections of § 6531. *Id.* In its analysis, the court found that Congress had the statutory scheme of 26 U.S.C. § 7201 et. seq. in mind when fashioning § 6531. *Id.* at 632. This was inferred based on the fact that specific mention is made of certain code

sections by number in § 6531, and that there is a substantial borrowing of statutory language from certain of the code sections. *Id.* The district court reasoned that "[i]t seems unlikely to the court that Congress would have used the language of so many of the § 7201 *et seq.* code sections when drafting the subsections of § 6531 but omit use of the key words of § 7202 if it had intended to make failure to pay over third party taxes subject to the six year statute of limitations." *Id.* at 632.

This Court disagrees with the district court's opinion that § 6531(4) solely "tracks" the language of § 7203, and therefore does not apply to § 7202. While some of the exceptions under § 6531 are directed toward specific code sections, other exceptions are general descriptions of offenses, reaching beyond a single offense.

■ Despite the fact that this Court finds the analogy of the Supreme Court's decision in *Slodov* to this issue unpersuasive, this Court finds the Second Circuit's reasoning in *Musacchia* to be more persuasive than the district court's reasoning in *Block*. This Court agrees with the Second Circuit that the language of § 6531(4) "suggests that it applies to any of several sections of the Code that define such an offense" dealing with the failure of an individual to pay taxes. 900 F.2d at 500. Under the cardinal rules of statutory interpretation, "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Nat'l Union Fire Insurance Co. of Pittsburgh v. City Savings, F.S.B.*, 28 F.3d 376, 384 (3d Cir.1994), citing *United States v. Ron Pair Enter. Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). This Court holds that § 6531(4), like § 6531(1), is a general description of offenses, applicable to numerous tax offenses, including § 7202. If Congress wanted § 6531(4) to apply solely to § 7203, Congress could have limited it specifically to crimes under that statute. Because the plain meaning of § 6531(4) covers offenses under § 7202 and § 7203, this Court finds that the six year statute of limitation applies to offenses under

§ 7202 and therefore respectfully finds the reasoning in *Block* unpersuasive.

Recently, another district court also held that § 7202 offenses were subject to a three year limitation period. *United States v. Brennick*, 908 F.Supp. 1004 (D.Mass.1995). The district court in *Brennick* found that § 6531(4) referred only to "the offense of willfully failing to pay any tax, or make any return," while § 7202 described the offense of intentionally failing "to collect, account for and pay over" any tax. *Id.* at 1018. The distinction made by the district court was that "pay" in § 6531(4) referred to the direct obligation of a taxpayer, whereas § 7202's phrase "pay over" referred to the obligation of a collection agent such as an employer. *Id.* at 1019. Because this Court interprets § 6531 under the plain meaning rule, "the offense of willfully failing to pay any tax" covers offenses under § 7202, and therefore, this Court also declines to follow the reasoning of *Brennick*.

Furthermore, by using the words "failing to pay *any* tax," which includes the failure to pay third party taxes as covered by § 7202, the language appears to include § 7202 within the six year statute of limitation. In evaluating the predecessor sections to §§ 7202 and 6531, the Ninth Circuit stated that "[i]t is true that a difference exists in respect to the capacity in which the tax monies are held. But the duty to pay is the same ... It would require a clear manifestation of Congressional intent that the Internal Revenue Code should be construed to set up one rule for 'special fund' taxes, and another rule for income taxes, before we could do so." *Wilson v. United States*, 250 F.2d 312, 320–21 (9th Cir.1957).

As the legislative history of § 6531 and § 7202 does not provide any guidance as to the reach of the general offense description provisions under 6531(1) and (4), this Court agrees with the analysis of the Second, Tenth, and Ninth Circuits regarding §§ 7202 and 6531. The focus must be on the duty imposed by these specific sections of the Code, not on the particular words present or absent in an attempt to reconstruct congressional intent. An employer's duty to pay taxes withheld from his employees is at least as great as the duty to pay personal income taxes.

### B. *Defendant Is Ordered to Provide Reciprocal Discovery.*

█ Rule 16(b)(1)(A), (B), and (C) of the Federal Rules of Criminal Procedure firmly establishes the right of the United States to reciprocal discovery from a criminal defendant. As Rule 16(b)(1)(A) states:

> If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the government, the defendant or request of the government, shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

Fed.R.Crim.Pro. 16(b)(1)(A).

The Government has already made a request to the Defendant in a letter dated May 29, 1996 for reciprocal discovery, yet to date, the government has not received any reciprocal discovery from the defendant. Because the United States has made discovery available to the defendant, the government is entitled to reciprocal discovery under Rule 16(b) pre-trial. Therefore, this Court directs the defendant to disclose all discoverable information.

### III. *CONCLUSION*

Because the Court finds that § 6531(4) applies to § 7202, the Defendant's motion to dismiss Counts One through Nine of the Indictment is hereby DENIED. Furthermore, this Court hereby GRANTS the government's request for reciprocal discovery. An appropriate order accompanies this Opinion.