ERNEST M. MILLICAN, JR. and BETTY J. MILLICAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Millican v. Commissioner
Docket No. 35845-83.
United States Tax Court
T.C. Memo 1986-144; 1986 Tax Ct. Memo LEXIS 467; 51 T.C.M. (CCH) 824; T.C.M. (RIA) 86144; April 14, 1986. *467 Held: (1) The Commissioner's determinations of deficiencies for 1975 in the income taxes of H and W are sustained. (2) W is liable for the additions to tax under sec. 6651(a), I.R.C. 1954, for failure to timely file a tax return and under sec. 6653(a), I.R.C. 1954, for negligence or intentional disregard of rules and regulations. (3) H and W are liable for the addition to tax under sec. 6654, I.R.C. 1954, for failure to pay estimated tax. (4) Part of his underpayment for 1975 was due to fraud on the part of H. Ernest M. Millican, Jr., pro se. James E. Polk, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes for 1975: Sec. 6651(a)
Sec. 6653(a)
Petitioner
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
Ernest M. Millican,
Jr.
$2,295.23
Betty J. Millican
2,295.23
$340.16
$114.76
Sec. 6653(b)
Sec. 6654
Petitioner
I.R.C. 1954
I.R.C. 1954
Ernest M. Millican,
Jr.
$1,147.62
$49.05
Betty J. Millican
48.61
The issues for decision *469 are: (1) Whether there are deficiencies in the petitioners' Federal income tax; (2) whether Mrs. Millican is liable for the additions to tax under section 6651(a) for failure to timely file a tax return and under section 6653(a) for negligence or intentional disregard of rules and regulations; (3) whether the petitioners are liable for additions to tax under section 6654 for failure to pay estimated taxes; and (4) whether Mr. Millican is liable for the addition to tax under section 6653(b) for fraud. FINDINGS OF FACT None of the facts have been stipulated. Most of our findings of fact are based on statements contained in the Commissioner's request for admissions that are deemed admitted under Rule 90, Tax Court Rules of Practice and Procedure, [2] because of the petitioners' failure to respond. At trial, the petitioners presented no evidence or witnesses. Mr. Millican was the Commissioner's sole witness, and he repeatedly refused to answer pertinent questions asked by the Commissioner's counsel, despite the Court's order to answer, on the grounds that it violated *470 the Seventh Amendment double-jeopardy provision and the Fifth Amendment privilege against self-incrimination. The petitioners, Ernest M. Millican, Jr., and Betty J. Millican, resided in Arlington, Tex., at the time they filed their petition in this case. Throughout 1975, the petitioners were married to each other, had only two dependents, and resided in the State of Texas. Mr. Millican was employed by the Federal Aviation Administration (FAA) and received wages of $25,945.34 in 1975. He also received $687.35 in interest income from the Ft. Worth Federal Credit Union in 1975. On or about April 22, 1975, Mr. Millican filed a Form W-4 (Employee Withholding Allowance Certificate) with his employer claiming 25 exemptions. Neither petitioner had itemized deductions and exemptions during 1975 which reasonably could have been expected to, or which actually did, exceed the amount of $2,800. Mr. Millican's claim of 25 exemptions was greatly in excess of his anticipated deductions and exemptions for the year. The intent of the excessive exemptions claimed on his W-4 was to substantially decrease the *471 amount of income taxes that otherwise would have been withheld by his employer. On or about July 2, 1975, Mr. Millican filed another W-4 with his employer claiming 30 exemptions. Mr. Millican filed income tax returns and paid income taxes as required by law until 1975. He filed a Porth-type [3] document as his tax return for 1975 in protest of Federal income taxes. The document filed as his return failed to give adequate information as to the petitioner's income or sufficient information to compute the petitioner's income taxes for 1975. Mr. Millican was convicted on May 17, 1978, for willful failure to file an income tax return for 1975. The Commissioner *472 issued separate notices of deficiency to the petitioners, each of which was dated September 21, 1983. He determined that the petitioners had unreported community income (wages and interest) of $26,632.69 in 1975, and he allocated one-half of such income to Mr. Millican and one-half to Mrs. Millican. The Commissioner computed the petitioners' income taxes using rates for married persons filing separately and two exemptions each. He also determined the deficiencies and additions to tax set forth above. OPINION The Commissioner's determinations of deficiencies in the petitioners' Federal income taxes for 1975 are presumptively correct, and the petitioners have the burden to establish any error in his determinations. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). The petitioners have made no attempt to refute the deficiencies. Instead, they assert that the Seventh Amendment to the U.S. Constitution denies this Court jurisdiction to review such determinations because Mr. Millican has been previously convicted by a jury of willful failure to file a tax return for 1975. It is well established that a trial for a criminal violation of the Internal Revenue Code *473 is not a bar under the Seventh Amendment double-jeopardy provision to a civil action under the tax statute (which is remedial in nature) arising out of the same facts on which the criminal proceeding was based. Helvering v. Mitchell,303 U.S. 391 (1938). The petitioners have also made a number of other frivolous arguments protesting the income tax laws in their petition and on brief. Such frivolous and groundless arguments have long since been rejected by this and other courts (see, e.g., United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Abrams v. Commissioner,82 T.C. 403 (1984); Rowlee v. Commissioner,80 T.C. 1111 (1983), and the cases cited therein), and we refuse to dignify them through further consideration. Because the petitioners have established no error in the deficiency determinations, we sustain the Commissioner on this issue. Rule 142(a). On brief, the petitioners for the first time contend that the statute of limitations bars the assessment of the deficiencies. Under Rule 39, any matter constituting an avoidance or affirmative defense, including the statute of limitations, must be set forth *474 in the pleadings. The petitioners have therefore not properly raised the issue. Moreover, section 6501(c)(3) provides that where no return has been filed, as in the present case, the tax may be assessed at any time. The next issue for decision is whether Mrs. Millican is liable for the addition to tax under section 6651(a). Section 6651(a) imposes an addition to tax on a taxpayer who fails to file a timely return unless it is shown that such failure was due to reasonable cause and not due to willful neglect. The petitioner bears the burden of proving that the addition to tax does not apply. Rule 142(a); Shomaker v. Commissioner,38 T.C. 192, 202 (1962). There is no evidence that Mrs. Millican ever filed a tax return for 1975, and the petitioners have made no attempt to prove that Mrs. Millican's failure to file a return was due to reasonable cause and not willful neglect. Accordingly, Mrs. Millican is liable for the section 6651(a) addition to tax. The Commissioner also determined that Mrs. Millican is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. The petitioners bear the burden of proving *475 that the addition was improperly determined. Rule 142(a). Since they have presented no evidence and made no argument with respect to this issue, we sustain the Commissioner's determination. The Commissioner determined additions to tax as to both petitioners under section 6654 for the underpayment of estimated tax. Where prepayments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition is mandatory, unless the petitioners show that one of the several statutory exceptions applies. Sec. 6654; Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). The petitioners have made no such showing, and therefore, they are liable for the addition. The only remaining issue for decision is whether Mr. Millican is liable for the addition to tax under section 6653(b) in 1975. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to *476 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for the year was due to fraud. Sec. 7454(a); Rule 142(b); Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958). The existance of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). However, fraud may be proved by circumstantial *477 evidence since direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct can often be relied on to establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,supra at 105-106. In the present case, the record clearly and convincingly establishes that some part of the underpayment of tax was due to fraud on the part of Mr. Millican. The facts deemed admitted contain several indicia of fraud. The Porth-type form filed by Mr. Millican did not constitute an adequate return. United States v. Porth,426 F.2d 519 (10th Cir. 1970); Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). He was convicted of willful failure to file a return for 1975. Although the "willful failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty" ( Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), revg. in part and affg. in part a Memorandum Opinion of this Court), an intention to evade taxes may be inferred from the circumstances attending a particular failure *478 to file. 314 F.2d at 482; Grosshandler v. Commissioner,75 T.C. at 19. Here, there is no question that Mr. Millican's purpose was to avoid, and not merely postpone, the payment of taxes that he claims he was not obligated to pay. Mr. Millican's filing of income tax returns in years prior to 1975 established his knowledge of his obligation to file and to report payments received for his services and to pay tax thereon. In May 1975, he knowingly submitted a false W-4 on which he claimed 25 exemptions, many more than he was entitled to, in order to prevent the collection of tax. He subsequently filed another W-4 claiming 30 exemptions, apparently to ensure that no taxes would be withheld from his wages. Such activities are indicative of an attempt to evade the payment of income taxes. Castillo v. Commissioner,84 T.C. 405, 410 (1985); Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Rowlee v. Commissioner,80 T.C. at 1125; Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). At trial, Mr. Millican refused to answer pertinent questions put to him by the Commissioner's counsel regarding *479 his intent, despite our order to answer. He frustrated the development of the Commissioner's case by repeatedly objecting to almost every question of counsel on the grounds that this Court lacked jurisdiction and that the questions infringed the Fifth Amendment privilege against self-incrimination. Both objections are unfounded. As explained above, the petitioner's prior criminal tax conviction does not bar a subsequent civil determination of a tax deficiency or the imposition of the addition to tax for fraud. Helvering v. Mitchell,supra.A valid Fifth Amendment objection may be raised only to questions that present a real and appreciable danger of self-incrimination. United States v. Neff,615 F.2d 1235, 1239 (9th Cir. 1980). "If the threat is remote, unlikely, or speculative, the privilege does not apply, and while the claimant need not incriminate himself in order to invoke the privilege, if the circumstances appear to be innocuous, he must make some 'positive disclosure' indicating where the danger lies." McCoy v. Commissioner,696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); see Rechtzigel v. Commissioner,79 T.C. 132 (1982), *480 affd. per curiam 703 F.2d 1063 (8th Cir. 1983); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977). The statute of limitations for prosecuting the petitioner for any criminal offense under the internal revenue laws for the taxable year 1975 expired on April 15, 1982--more than a year before the notice of deficiency was issued and more than 2 years before the trial of this case. Sec. 6531. Consequently, his alleged fear of prosecution was baseless. In light of all of the circumstances of this case, we find Mr. Millican's repeated assertions of frivolous Seventh and Fifth Amendment claims, coupled with his refusal to answer pertinent questions of counsel, to have been an orchestrated attempt to frustrate the determination and collection of his taxes. Such conduct is a further indication of fraudulent intent. Stringer v. Commissioner,84 T.C. 693, 715-716 (1985), on appeal (4th Cir., Dec. 31, 1985); Neaderland v. Commissioner,52 T.C. 532, 541 (1969), affd. 424 F.2d 639 (2d Cir. 1970). Finally, we observe that the addition to tax in the case of fraud is *481 a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,supra at 401; Rowlee v. Commissioner,80 T.C. at 1123; Hebrank v. Commissioner,supra at 643. In keeping with this purpose, the addition to tax for fraud is clearly warranted. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. A Porth-type return contains no information relating to the taxpayer's income and deductions from which hiw income tax can be computed. Typically, such a document contains only the taxpayer's name and references to various constitutional provisions, such as the Fifth Amendment privilege against self-incrimination. See United States v. Porth,426 F.2d 519 (10th Cir. 1970); Connell v. Commissioner,T.C. Memo. 1984-29; Gillen v. Commissioner,T.C. Memo. 1983-164↩.