**UNITED STATES of America, Appellee,**

v.

**John MUSACCHIA and Joseph Gambino, Defendants– Appellants.**

**Docket Nos. 88–1491, 88–1495.**

United States Court of Appeals, Second Circuit.

Nov. 7, 1991.

As Clarified Dec. 30, 1991.

Paula Schwartz Frome (James O. Druker, Kase & Druker, Garden City, N.Y., of counsel), for defendant-appellant John Musacchia.

Charles L. Weintraub (John L. Pollok, Hoffman & Pollok, New York City, of counsel), for defendant-appellant Joseph Gambino.

Alan Hechtkopf, Tax Div., Dept. of Justice (James I.K. Knapp, Acting Asst. Atty. Gen., Shirley D. Peterson, Asst. Atty. Gen., Robert E. Lindsay, Atty., Tax Div., Dept. of Justice, Washington, D.C., and Andrew J. Maloney, U.S. Atty., E.D.N.Y., of counsel), for appellee U.S.

Before CARDAMONE, PRATT, Circuit Judges, and LASKER, District Judge, of the Southern District of New York, sitting by designation.

Following a jury trial in the Eastern District of New York before Judge Leonard D.

Wexler, appellant John Musacchia was convicted of willfully aiding and abetting willful attempts to evade and defeat the federal excise tax on gasoline, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; willfully aiding and abetting willful failures to truthfully account for and pay over to the IRS federal excise taxes on gasoline, in violation of 26 U.S.C. § 7202 and 18 U.S.C. § 2; and conspiracy to defraud the United States and to commit the foregoing offenses, in violation of 18 U.S.C. § 371. Musacchia's co-appellant, Joseph Gambino, was charged with the same offenses in five counts of the indictment and was convicted on the conspiracy count only.

On March 21, 1990 the present panel affirmed appellants' convictions. A petition for rehearing, with suggestion for rehearing *en banc*, was denied on May 24, 1990.

With commendable candor the Department of Justice on July 18, 1990 moved for a partial remand to vacate appellant Musacchia's convictions. Although the issue was not raised in the briefs the government advises that after further study and consultation with the Internal Revenue Service it is now convinced that § 7202 does not apply to the gasoline taxes at issue here. It therefore moved in the interest of justice that Musacchia's convictions under that section be remanded to the district court for it to vacate the convictions and set aside the sentences imposed pursuant to them.

Counsel for the appellants submitted answering papers and moved, in addition, for a remand and new trial on the conspiracy count. Because we cannot determine whether the conspiracy conviction was based properly on a violation of § 7201 or, as now appears, improperly on § 7202, a new trial must be had for both appellants on the conspiracy count. Because Gambino was acquitted on both § 7201 and § 7202 it is plain that he is entitled to a new trial. In the case of Musacchia who was convicted under both sections, his conspiracy conviction may have been founded improperly on § 7202, because the trial court charged that

> although the indictment charges that the defendants conspired to achieve more than one illegal objective, you are instructed that you need only find that one of these illegal objectives was contemplated by the conspirators even if it were not achieved.

Because there was no special verdict, it is not possible to discern whether the jury found him guilty of conspiracy based on § 7201 or § 7202; hence, he, too, is entitled to a new trial. *See United States v. Ruggiero*, 726 F.2d 913, 921–23 (2d Cir.1984).

Accordingly, IT IS HEREBY ORDERED:

1. The mandate is recalled.
2. The decision of this court dated March 21, 1990, 900 F.2d 493, and the order of this court dated September 14, 1990, 955 F.2d 2, are both vacated.
3. This case is remanded to the district court for the purpose of vacating appellant Musacchia's convictions under § 7202 (Counts III, V and VII of the indictment) and to vacate also the sentences imposed pursuant to those convictions. The case is further remanded for a new trial for both appellants on the conspiracy count for the reasons above stated.

Before PRATT and CARDAMONE, Circuit Judges, and LASKER, District Judge[*].

The motion to clarify this court's order of November 7, 1991 is granted. The November 7, 1991, order vacated this court's March 21, 1990, decision and this court's September 14, 1990, order only with respect to the defendant's convictions under U.S.C. § 7202 and 18 U.S.C. § 371. Our affirmance of the defendant's conviction under 26 U.S.C. § 7201 remains in effect and is in no way affected by the November 7, 1991, order.

---

[*] The Honorable Morris E. Lasker, United States District Judge, for the Southern District of New York, sitting by designation.