UNITED STATES of America, Plaintiff–Appellant,

v.

Richard K. BORMAN and Betty L. White, Defendants–Appellees.

No. 92–2517.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 26, 1993.

Decided April 29, 1993.

---

Robert E. Lindsay, Karen Quesnel (argued), Dept. of Justice, Tax Div., Appellate Section, Washington, DC, Kevin Potter, Office of the U.S. Atty., Madison, WI, Alan Hechtkopf, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

Margaret Danielson, Madison, WI, (argued), for Richard K. Borman.

Stephen Hurley, John D. Hyland (argued), Hurley, Burish & Milliken, Madison, WI, for Betty L. White.

Before POSNER and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

The government appeals from an order granting Richard K. Borman's and Betty L. White's motion to dismiss the indictment. Pursuant to 18 U.S.C. § 3731, the government is permitted in a criminal case to appeal from an order dismissing an indictment. The parties treat the district court's order granting the defendants' motions to dismiss as an order dismissing the indictment, and we have jurisdiction. The indictment charged Borman and White with willfully making and subscribing joint U.S. Individual Income Tax Returns, made under the penalties of perjury, which he/she did not believe to be correct as to every material matter, in violation of 26 U.S.C. § 7206(1). The returns referenced in the indictment were for the 1985, 1986 and 1987 tax years, one count for each defendant for each year. Each count alleged that Borman and White represented that, for each year, they received only wages, salaries, tips and interest in specified amounts, although they knew and believed that they also received gross receipts in specified amounts from the manufacture and sale of seasonal wreaths, which by law were required to be disclosed. Borman and White were husband and wife at the time of the alleged offenses.

Borman and White filed motions to dismiss the indictment. They asserted that the return involved in each count was IRS Form 1040A, which inquires about total wages, salaries, tips, interest income, and two other types of income not relevant in this case. The form does not inquire about income of other types nor about the amount of receipts from a business. Defendants did not insert any representation concerning other income. Thus, they argued that each return was true and correct, and therefore there was no violation of 26 U.S.C. § 7206(1), as held in *United States v. Reynolds*, 919 F.2d 435 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1402, 113 L.Ed.2d 457 (1991). The government conceded that defendants filed Forms 1040A and took the position that "[t]he defendants' motions raise only a question of law and the court should rule on them at this time. Such a ruling will be time-saving and serve the interests of judicial economy." Government's Opposition to Defendants' Motion to Dismiss at 2 (citing *United States v. Korn*, 557 F.2d 1089 (5th Cir. 1977)), R. 21.

The motions were referred to a magistrate judge, and on April 21, 1992, he issued a Report recommending that the motions to dismiss be granted. The district court adopted the Report, relying principally on *Reynolds*, 919 F.2d 435, in which we held that § 7206(1) is a perjury statute and literal truth is defense to perjury, even if the answer is highly misleading. *Id.* at 437. Although Borman and White allegedly had a duty to file a different form, which called for

disclosure of their receipts from business, the government makes no claim that the answers on the Forms 1040A for the years at issue were untrue. The court ruled that the defendants' filing of the wrong form could not constitute a violation of § 7206(1). We affirm.

## DISCUSSION

The indictment alleges that Borman and White did not believe their returns to be correct as to every material matter in that the said return represented that they received only wages, salaries, tips and interest. The government's theory must be that the filing of Form 1040A implicitly represented that they received no income of a type or amount which would require the use of a different form. The issue before us is whether an indictment, limited to that theory, charges an offense.

■ To establish a violation of § 7206(1), the government must prove that (1) the defendant made or subscribed a return which he verified as true; (2) the return contained a written declaration that it was made under penalty of perjury; (3) the defendant signed the return willfully, believing that it was not true and correct as to every material matter; and (4) the return was false as to a material matter. 26 U.S.C. § 7206(1); *United States v. Bishop*, 412 U.S. 346, 350, 93 S.Ct. 2008, 2012, 36 L.Ed.2d 941 (1973); *United States v. Whyte*, 699 F.2d 375, 381 (7th Cir.1983).

In *Reynolds*, we reversed a conviction under § 7206(1) where the taxpayer filed a Form 1040EZ and the statements thereon were literally correct, but the taxpayer had received income of a type which he had a duty to report on a different form. The facts differ in that the *Reynolds* indictment did not allege a representation that the taxpayer received only income of particular types, and instead alleged that Reynolds represented his taxable income as the amount he had reported on line 7 of the form. These differences are insignificant for our present purpose, however, notwithstanding a remark in *Reynolds* that an "argument that by filing form 1040EZ a taxpayer implicitly represents that he has no additional income has more substance." *Id.* 919 F.2d at 437.

Thus, under the *Reynolds* rationale, the untruth must be found in a statement of some material information called for by the form itself, and any implication drawn from the filing of a particular form—that the taxpayer had received no income requiring the use of a different form—is simply not enough. As the *Reynolds* opinion put it, "[u]sing the wrong form does not violate § 7206(1)." *Id.*

■ There is no question that if Borman and White had income of other types, they had a legal obligation to file Form 1040, not 1040A. However, the parties assume for present purposes that the statements made on the Forms 1040A for the years at issue are literally true. The Form 1040A does not call for a taxpayer to declare that he or she has no income of a type other than that required to be disclosed on the form. Although in *Reynolds* we noted that the IRS's implicit representation theory has "more substance" than a theory that line 7 of the Form 1040EZ called for a representation of total taxable income, we expressly held that § 7206(1) is not violated by filing the wrong form. *Id.* at 437. A charge that the taxpayer makes an implicit representation when filing the wrong form adds nothing beyond a charge of filing the wrong form. Therefore, dismissal of the indictment was appropriate.

The government additionally argues that such a ruling would unduly diminish its ability to protect the integrity of the federal tax system. We are not persuaded. As we noted in *Reynolds*, the government may seek an indictment for tax evasion, 26 U.S.C. § 7201, or failure to supply information required by law, 26 U.S.C. § 7203. Moreover, the present problem is easily remedied without abandoning the use of simplified forms. The IRS need only add a single question to its Form 1040A—*e.g.*, "did you receive income of any type not reported on this return?" If the taxpayer willfully fails to answer this question correctly, the government could prosecute under § 7206(1). *See United States v. Mattox*, 689 F.2d 531, 533 (5th Cir.1982) (leaving a question unanswered constitutes making a false statement if in fact the question should have been answered).

For the foregoing reasons, we AFFIRM the district court's dismissal of the indictment.