

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-1997

# USA v. Gollapudi

Precedential or Non-Precedential:

Docket
97-5137

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"USA v. Gollapudi" (1997). *1997 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 17, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5137

UNITED STATES OF AMERICA

v.

RAO GOLLAPUDI,

        Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 96-cr-00220)

Argued September 23, 1997

Before: COWEN, ROTH and LEWIS, Circuit Judges

(Opinion Filed November 17, 1997)

        Howard W. Goldstein, Esq. (Argued)
        Laura Grossfield Birger, Esq.
        Fried, Frank, Harris, Shriver &
         Jacobson
        One New York Plaza
        New York, NY 10004

         Attorneys for Appellant




        Faith S. Hochberg
        United States Attorney
        Amanda Haines (Argued)
        Kevin McNulty
        Assistant United States Attorneys
        Office of United States Attorney
        970 Broad Street
        Room 502
        Newark, NJ 07102

         Attorneys for Appellee

OPINION OF THE COURT

ROTH, Circuit Judge.

## I. INTRODUCTION

This is an appeal from a twelve-count indictment charging the defendant, Rao Gollapudi, with violating two provisions of the Internal Revenue Code. More specifically, Gollapudi was charged with failing to account for and pay over to the Internal Revenue Service federal income taxes, deducted and collected from the total taxable wages of his employees, between 1989 and 1991, in violation of 26 U.S.C. S 7202. Additionally, Gollapudi was indicted for filing a false personal income tax return, Form 1040, for the years 1989 through 1991, in violation of 26 U.S.C. S 7206(1). Gollapudi now appeals on the grounds (1) that his prosecution for violating 26 U.S.C. S 7202 is barred by the three-year statute of limitations of S 6531, and (2) that because the responses on the 1040 he filed were truthful he cannot be found guilty of filing a false statement under S 7206(1). For reasons set forth below, we affirm the decision of the District Court.

## II. FACTS

From the company's inception in 1984, the appellant, Rao Gollapudi, has been the president and sole shareholder of Softstar Computer Consultants, Incorporated ("Softstar"),

2

a Michigan corporation involved in the business of analyzing and improving computer systems for Fortune 500 companies. Following the departure of his partner from the company in 1986, Gollapudi became solely responsible for preparing and filing the company's tax returns and paying the wages of its employees. Shortly after assuming this responsibility, Gollapudi failed to make any payment of employment taxes and stopped filing Employer's Quarterly Tax Returns ("941's") with the IRS.

During the years 1989 through 1991, Softstar employed fifteen individuals, who were paid by checks drawn from the company's corporate checking account. Although the checks indicated that federal income taxes and Federal Insurance Contributions Act ("FICA") taxes were being withheld from the employees' wages, Gollapudi did not remit the withheld funds to the IRS. Rather, these funds, totaling approximately $527,828, were deposited into Softstar's corporate checking account where they were used to pay corporate operating expenses.1 Furthermore, by failing to file 941's, Gollapudi never reported the collection of these withholding taxes to the IRS and, thus, avoided detection.

After an IRS tax examiner discovered that Softstar had failed to file the required 941's and remit any tax refunds to the federal government, Gollapudi admitted that although he collected the appropriate taxes from his employees, he did not turn over the withholdings to the IRS. Instead, he kept the money in the company. Gollapudi further admitted that, although he was aware of his obligations, he did not file the required 941's, W-2's, or corporate tax forms with the IRS. Subsequently, Gollapudi contacted an accountant, David Karpel, who on behalf of Gollapudi filed the delinquent 941's and corporate tax returns and paid $591,000 in back taxes.

Gollapudi's handling of the withdrawals from his own salary was also questionable. Gollapudi filed a personal income tax return, Form 1040, for the tax years 1989,

_____

1. In addition, Gollapudi listed the corporate checking account containing these funds on a personal mortgage application in order to overstate his assets.

3

1990, and 1991, in which he claimed that he had withheld approximately $6,000 in federal income taxes from himself. This amount was not turned over to the IRS. Additionally, there was a question of whether the funds were in fact withheld. Although the government argued that such funds were not withheld, Gollapudi testified that, because he did not receive a regular salary, his withholdings were calculated in a unique manner. Gollapudi explained that instead of receiving a regular salary, he periodically took disbursements from the company. At the end of each year he received the corporate records, calculated the total sum that he had paid as salary, checked the relevant tax tables and calculated the gross salary that would correspond to the net salary he had actually received. The difference between the gross and net salaries, he argued, was treated as having been withheld from his gross pay.

On April 19, 1996, Gollapudi was indicted on nine counts of failing to account for and pay over to the IRS federal income taxes and FICA taxes, deducted and collected from the total taxable wages of his employees, for thefinal quarter of 1989 and for all four quarters of the years 1990 and 1991, in violation of 26 U.S.C. S 7202. In addition, Gollapudi was charged with three counts of filing false personal income tax returns for the calendar years 1989 through 1991 in violation of 26 U.S.C. S 7206(1). Prior to trial, Gollapudi moved to dismiss the first nine counts of the indictment as barred by the three year statute of

limitations. This motion was denied. Gollapudi was found guilty on all counts and now appeals.

III. JURISDICTION

This is an appeal from a final judgment of the United States District Court for the District of New Jersey, entered March 7, 1997. An appeal was filed on March 10, 1997. The District Court had jurisdiction pursuant to 18 U.S.C. S 3231. We have jurisdiction pursuant to 28 U.S.C. S 1291 and 18 U.S.C. S 3742.

4

IV. DISCUSSION

A. Statute of Limitations.

The first issue before the court is whether a violation of 26 U.S.C. S 7202, which prohibits the willful failure "to collect or truthfully account for and pay over" any tax,2 is subject to a three-or six-year statute of limitations. For the following reasons, we hold that the violation is subject to a six-year statute of limitations and thus will affirm the decision of the District Court on this issue.

The statute of limitations governing 26 U.S.C. S 7202, as well as other criminal tax violations, is set forth in 26 U.S.C. S 6531. This section generally provides that criminal tax proceedings must be initiated within three years of the offense, unless the offense falls into one of eight exceptions providing for a six-year period of limitations. Specifically, the relevant section, S 6531(4), provides that:

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitations shall be 6 years -
>
> * * * *
>
> (4) for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of part III of subchapter A of chapter 61) at the time or times required by law or regulations;

26 U.S.C. S 6531(4). The question here is whether a failure

_____

2. Section 7202 provides:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned for more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. S 7202.

to "pay over" any tax under S 7202 constitutes a failure to "pay any tax, or make any return," under S 6531(4), and thus is subject to a six rather than three-year statute of limitations.

While the Third Circuit has not yet addressed the issue of whether S 6531(4) applies to criminal offenses under S 7202, the District Court followed the decisions of the Second and Tenth Circuits in holding that prosecutions for violations of S 7202 must be commenced within six years under S 6531(4). Conversely, two district courts that have addressed the issue have held that section 6531(4) does not apply to S 7202 offenses and that the applicable statute of limitations is three years. Gollapudi contends that the two district court cases are more persuasive in their analysis than the opinions of the circuit courts and the District Court in this case.

Relying on United States v. Block, 497 F.Supp. 629 (N.D. Ga. 1980), and United States v. Brennick, 908 F.Supp. 1004 (D. Mass. 1995), Gollapudi maintains that the plain language of the statute dictates that failure "to pay any tax, or make any return" under S 6531(4) does not encompass "the offense of failing to collect, account for or pay over any tax" under S 7202 (emphasis added). Gollapudi contends that because Congress explicitly distinguished between the failure to "pay" a tax and the failure to "pay over" a tax collected from another in other sections of the Internal Revenue Code and did not include such "pay over" language in S 6531, it did not intend to include the failure to "pay over" any tax in S 6531(4).

In support of his first argument, Gollapudi notes that in designing the criminal tax offense set forth in 26 U.S.C. S 7202 et seq., Congress explicitly distinguished between the failure to pay a tax and the failure to pay over a tax collected from another, as is evident in the comparison

between S S 7202 and 7203. Furthermore, Gollapudi maintains that the phrase "pay over" or "paid over" was used by Congress sixteen times in the Internal Revenue Code and, thus, constitutes a statutory term of art, referring to (1) third-party taxes as in S S 3505(b), 6672(a) and 7501; (2) other amounts collected from third parties as in S S 3304(a)(3) and 7652(b)(3); and (3) non-tax amounts as

in S S 143(g)(3)(D) and 6096(a). Gollapudi argues that because the phrase is a term of art, "pay over" has a specific meaning which is not included in nor interchangeable with "pay".

Next, Gollapudi argues that because S 6531(4) applies to "the offense" (singular) of willfully failing to pay any tax or make any return, as opposed to any other offense, and because S 7203 is "the offense" which criminalized such acts, Congress intended that S 6532(4) apply only to the offense identified in S 7203,3 and not to other criminal tax violations. See Block, 497 F.Supp. at 632 (finding persuasive fact that S 6531(4) is directed at"the offense" of wilfully failing to pay tax, as opposed to class of offenses); Brennick, 908 F.Supp. at 1019 (finding that Congress had expressed its will "in reasonably plain terms" that S 6531(4) applies only to single offense described in S 7203).

In interpreting a statute, the starting point is the language of the statute itself. National Union Fire Ins. Co. of Pittsburgh v. City Sav., F.S.B., 28 F.3d 376, 384 (3d Cir. 1984); United States v. Cicco, 10 F.3d 980, 984 (3d Cir. 1993). "In most situations, the plain language rule is the preferred method of statutory interpretation." United States v. Zheng, 768 F.2d 518, 523 (3d Cir. 1985), cert. denied, 474 U.S. 1060 (1986). "[O]nly the most extraordinary showing of contrary intentions" in the legislative history will justify a departure from that language. Garcia v. United States, 469 U.S. 70, 75 (1984).

Under a plain reading of this statute, we find it clear that violations of S 7202 are subject to a six-year statute of limitations under S 6531(4). Specifically, 26 U.S.C. S 7202

_____

3. Section 7203 provides in relevant part:

> Any person required under this title to pay any estimated tax or tax,
>> or required by this title or by regulations made under authority
>> thereof to make a return, keep any records, or supply any
>> information, who willfully fails to pay such estimated tax or tax,

        make such return, keep such records, or supply such information,
        at the time or times required by law or regulations, shall, in addition
        to other penalties provided by law, be guilty of a misdemeanor . .
. .

26 U.S.C. S 7202.

makes it an offense for an employer to willfully fail to
"account for and pay over" to the IRS taxes withheld from
employees. Given that S 6531 pertains to "failing to pay any
tax," the District Court correctly found that the failure to
pay third-party taxes as covered by S 7202 constitutes
failure to pay "any tax," and thus, is subject to the six-year
statute of limitations under S 6531(4). United States v.
Gollapudi, 947 F.Supp. 763 (D. N.J. 1996). Accord United
States v. Musacchia, 900 F.2d 493, 500 (2d Cir. 1990), cert.
denied, 501 U.S. 1250 (1991) (holding that six-year statute
of limitations in S 6531(4) is applicable to violations of
S 7202); United States v. Porth, 426 F.2d 519, 522 (10th
Cir.) (finding that S 7202 was "clearly within the six-year
exception to the general three-year statute of limitations of
S 6531"), cert. denied, 400 U.S. 824 (1970). See also United
States v. Evangelista, Nos. 1478, 1479, Dockets 96-1712(L),
96-1718(CON), 1997 WL 459057, at *8 (2d Cir. Aug. 13,
1997) (reaffirming Musacchia, holding that six-year statute
of limitations applies to offense defined by S 7202).

Although we could conclude our analysis here as the
statutory language in S 6531(4) is plain and unambiguous,
United States v. Cicco, 10 F.3d 980, 984 (3d Cir. 1993)
(unambiguous language deemed "conclusive"), we will
address why we find the Georgia and Massachusetts cases
relied upon by Gollapudi to be unpersuasive.

In United States v. Block, the court found that Congress
had the statutory scheme of 26 U.S.C. S 7201 et seq. in
mind when fashioning S 6531. 497 F.Supp. at 632. This
was inferred from the facts that there are specific references
to S 7201 et seq. provisions in S 6531, and that the
language of S 6531 borrows extensively from various S 7201
et seq. sections. The Block court reasoned "[i]t seems
unlikely . . . that Congress would have used the language
of so many of the S 7202 et seq. code sections when
drafting the subsections of S 6531 but omit use of the key
words of S 7202 if it had intended to make failure to `pay
over' third-party taxes subject to the six-year statute of
limitations." Id.

We find this line of reasoning in Block unpersuasive. The

statute of limitations for all criminal tax violations is set forth in 26 U.S.C. S 6531. The offenses which fall under the

eight exceptions to S 6531 are included either by general description of the proscribed conduct or by a reference to a specific section of the code. It is clear to us that where Congress intended to limit the applicability of theS 6531 exceptions, it unambiguously did so. Thus, whereas subsections five, six, seven and eight of S 6531 are expressly limited to offenses arising under S S 7206(1) and 7202, 7212(a), 7214(a), and 18 U.S.C. S 371 respectively, the District Court correctly held that subsection four contains a general description of offenses, not limited to violations of S 7203 or to any other specific offense. Gollapudi, 947 F.Supp. at 766. Musacchia, 900 F.2d at 500. As the District Court stated, "[t]he focus must be on the duty imposed by these specific sections of the Code, not on the particular words present or absent in an attempt to reconstruct congressional intent. An employer's duty to pay taxes withheld from his employees is at least as great as the duty to pay personal income taxes." Gollapudi, 947 F.Supp. at 767.

Furthermore, the fact that S 6531(4) uses the word "offense" rather than "offenses" does not convince us that Congress intended S 6531(4) to be limited to violations of S 7203. Conversely, we agree with the rationale of the Second Circuit in United States v. Musacchia that "the language of section 6531(4) -- applying the six-year statute of limitations to `the offense of willfully failing to pay any tax, or make any return . . . at the time or times required by law or regulations' -- suggests that it applied to any of several sections of the Code that define such an offense." 900 F.2d at 500 (citing 26 U.S.C. S 6531(4)).

Moreover, we find the District Court's reliance on the Second Circuit's decision that it would be inconsistent for Congress to have prescribed a six-year limitation period for the misdemeanor offense defined in 26 U.S.C. S 7203 (failure to file a return or pay a tax) while providing only a three-year limitation period for the felony offense defined in S 7202, to be well-founded. Gollapudi, 947 F.Supp. at 766 (citing Musacchia, 900 F.2d at 500). As the court in Musacchia concluded, it would make little sense if the period in which an offense could be prosecuted for the misdemeanor of failing to file a tax return was twice as long

as the period in which an offender could be prosecuted for the felony of failure to pay taxes over to the IRS collected on behalf of employees.4 As the District Court stated, "[t]he focus must be on the duty imposed by these specific sections of the Code, not on the particular words present or absent in an attempt to reconstruct congressional intent. An employer's duty to pay taxes withheld from his employees is at least as great as the duty to pay personal income taxes." Gollapudi, 947 F.Supp. at 767.

B. Filing False Income Tax Return.

The second issue before us is whether the District Court erred in finding Gollapudi guilty of violatingS 7206(1), for filing a false personal tax return.5  In order to find Gollapudi

_____

4. In support of the application of the three year statute of limitations to an employer's failure to "pay over" withheld taxes, the dissent argues that it is more difficult for the IRS to detect an individual's failure to pay his own taxes than it is to discover an employer's failure to transfer funds withheld from employees. The Assistant U.S. Attorney took the opposite position at oral argument due to the fact that the IRS does not routinely cross-check employees' W-2 forms against the employers' payments into the IRS of taxes withheld from the employees:

> HAINES:  Judge Cowen, what I was told in my office is that if someone, in this case Mr. Gollapudi, is filing false withholding so the individual employees file returns that look like there have been
> taxes withheld because they had W-2s attached, and then in not filing the 941s, it is virtually impossible -- there is no cross-referencing there so the IRS can tell automatically that the withholdings coming from the employees' personal income taxes are not being actually . . .

> COURT:  Who told you that in your office?

> HAINES:  Someone who worked for the Tax Division and is now a specialist in tax crimes, that actually tried this case below. In fact,
> this particular case shows that. Because -- they only caught Mr. Gollapudi because the W-2s themselves were hand-written and looked kind of sloppy and that triggered something in one of the IRS
> agents' minds that these might be fraudulent. Then after trying a bunch of blind alley ways, they finally were able to track it back to
> Mr. Gollapudi and find out he wasn't filing the 941s. But that was the only way he was ever caught. He could have gone on for years and years.

5. Section 7206(1) provides that any person who,"[w]illfully makes and subscribes any return, statement, or other document, which contains or

guilty of that offense, the government had to prove that (1) defendant made and subscribed a return which was false as to a material matter; (2) the return contained a written declaration that it was made under the penalties of perjury; (3) defendant did not believe the return was true and correct as to every material matter; and (4) defendant falsely subscribed to the return willfully, with the specific intent to violate the law. United States v. Bishop, 412 U.S. 346, 350 (1973).

Gollapudi contends that because his tax return was accurate as to the amount of federal income tax withheld from his gross pay and because the form did not ask whether the withholdings were ever submitted, he cannot be found guilty of this offense. Gollapudi argues that the amount of withholdings were accurate in that they reflected a "gross up" process. In addition, relying on two Seventh Circuit decisions, Gollapudi argues that the literal truth of the information on a tax return is a complete defense, even if the response on the return was highly misleading. United States v. Reynolds, 919 F.2d 435 (7th Cir. 1990), cert. denied, 499 U.S. 942 (1991); United States v. Borman, 992 F.2d 124, 126 (7th Cir. 1993) (in establishing violation of S 7206(1), "the untruth must be found in a statement of some material information called for by the form itself, and any implication drawn from the filing of a particular form . . . is simply not enough.").

We must examine the evidence in the light most favorable to the government and sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). We conclude that there was ample evidence for the District Court to find that Gollapudi filed a false statement. First, an IRS agent testified that Gollapudi admitted that he prepared and signed the W-2 forms and that they were false. Additionally, although Gollapudi presented evidence that the withholding amounts were true

_____

is verified by a written declaration that it is made under the penalties of
perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony . . . ."

based on his "gross up" method, the District Court found this theory to be without merit based on the testimony of another IRS agent who demonstrated that no withholding was actually made. Moreover, it was established that the alleged withholding was never submitted to the IRS, but rather, was maintained in Gollapudi's corporate checking account.

Furthermore, Gollapudi's reliance on Reynolds and Borman is misguided. Both of those cases involved S 7206(1) charges for filing the wrong tax form. Reynolds, 919 F.2d at 437 ("Using the wrong form does not violate S 7206(1)."); Borman, 992 F.2d at 126 (holding that filing of improper form is not enough to establish false statement for S 7206(1) purposes). Furthermore, in Reynolds, the theory in the indictment was that one specific line (line 7) of the form which was filed was false. 919 F.2d at 437. The Seventh Circuit held that because line 7 was merely derived arithmetically from two other lines, and was thus an accurate reflection of the difference between the other two lines on the form, that the literal truth of the answer was a defense to perjury. Id. The Seventh Circuit indicated, however, that if the charge in the indictment had not been limited to that one line or if the defendant had left something blank indicating that he was hiding something, its decision would have been different. Id.

Regardless, we hold that the District Court was correct in finding that Gollapudi filed a false statement on a tax return in violation of S 7206(1), in that he misstated the amount of his withholdings. Despite the fact that he understood his obligations, he submitted a form which he did not believe was true and accurate as to every material matter.

V. CONCLUSION

For the above reasons, we will affirm the decision of the District Court.

12

COWEN, Circuit Judge, dissenting.

The majority errs in concluding that the criminal conduct of an employer in failing to pay over taxes withheld from the wages of employees, in violation of 26 U.S.C. S 7202, falls within the fourth exception to the three-year statute of limitations for violations of the Internal Revenue Code

(I.R.C.), 26 U.S.C. S 6531(4). I respectfully dissent from section IV-A of the majority's opinion that the statute of limitations for violations of S 7202 is six years rather than the normal three years. The conviction of the defendant, Rao Gollapudi, should be vacated due to the expiration of the three-year statute of limitations.

I.

Gollapudi was convicted of failing to transfer funds withheld from his employees' salaries in violation of S 7202. Section 7202 is entitled "Willful failure to collect or pay over tax" and reads as follows:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

The statute of limitations for prosecutions under the I.R.C. in general and S 7202 in particular is contained within 26 U.S.C. S 6531. Section 6531 institutes a general, three-year statute of limitations for criminal prosecutions under the I.R.C. but lists eight exceptions qualifying for a six-year statute of limitations. Section 6531 is entitled "Periods of limitation on criminal prosecutions" and reads in relevant part:

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years-

13

> * * *

> (4) for the offense of willfully failing to pay any tax, or make any return

> (other than a return required under authority of part III of

> subchapter A of chapter 61) at the time or times required by law or

regulations....

II.

The majority makes several arguments why S 7202 falls within S 6531(4). First, the majority argues that, "[u]nder a plain reading of this statute," it is "clear" that S 7202 falls within S 6531(4). Maj. Op. at 7-8. The majority seizes on the word "any" from the language of 6531(4), "failing to pay any tax," and argues that, since paying over withheld funds is a type of tax, it qualifies as "any tax" under S 6531(4). The meaning of S 6531(4), according to the majority, is "plain and unambiguous[.]" Maj. Op. at 8.

The majority then attempts to confront the argument that, since the exceptions to the three-year statute of limitations which are contained in S 6531 track and explicitly mention the list of offenses in 26 U.S.C. S 7201 et seq., the failure of S 6531(4) to mention S 7202 specifically means that Congress did not intend S 7202 to be included in S 6531(4). The majority offers two responses. First, the majority argues that the exceptions in S 6531 not specifically mentioning sections of S 7201 et seq. are to be viewed expansively rather than restrictively. In other words, exceptions (5)-(8) of S 6531 refer to specific sections among S 7201 et seq. and thus apply only to the sections enumerated, while S 6531(4) does not delineate specific sections to which it applies and thus covers an array of offenses including S 7202. Second, the majority rejects Gollapudi's claim that, since S 6531(4) refers to "offense" rather than "offenses," S 6531(4) refers only to one offense, namely S 7203, which uses language very similar to S 6531(4) and covers the offense of failing to "pay any

14

estimated tax...or make a return[.]"1 The majority points to S 6531(4)'s language of "failing to pay any tax, or make any return" as evincing that S 6531(4) applies to more than one type of offense and therefore encompasses S 7202 in addition to S 7203 and possibly other offenses.

The majority subsequently argues that it would be "inconsistent" for Congress to prescribe a six-year statute of limitations for S 7203, the misdemeanor of failing to file a return or pay a tax, and a three-year statute of limitations for S 7202, which is a felony offense. According to the majority, the need to prevent a disparity between the statutes of limitations for a misdemeanor and for a felony should motivate us to subsume S 7202 within S 6531(4). In addition, the majority dismisses Gollapudi's claim that, because S 7202 talks of "paying over" taxes (referring to

transferring employees' withheld taxes to the government) while S 6531(4) covers "pay[ing]" a tax (referring to one's own tax obligations), S 6531(4) cannot subsume S 7202.

III.

As the majority states, two circuit courts ruled that S 7202 receives a six-year statute of limitations by virtue of S 6531(4). See United States v. Porth, 426 F.2d 519, 521 (10th Cir. 1970); see also United States v. Musacchia, 900 F.2d 493, 500 (2d Cir.), vacated in part on other grounds, 955 F.2d 3 (2d Cir. 1991). In contrast, two district courts rejected any linkage between S 6531(4) and S 7202,

_____

1. Title 26, United States Code, S 7203 is entitled "Willful failure to file
return, supply information, or pay tax" and reads in relevant part:

> Any person required under this title to pay any estimated tax or tax,
> or required by this title or by regulations made under authority
> thereof to make a return, keep any records, or supply any
> information, who willfully fails to pay such estimated tax or tax,
> make such return, keep such records, or supply such information,
> at the time or times required by law or regulations, shall, in addition
> to other penalties provided by law, be guilty of a misdemeanor and,
> upon conviction thereof, shall be fined not more than $26,000
> ($100,000 in the case of a corporation), or be imprisoned not more
> than 1 year, or both, together with the cost of prosecution....

(emphasis added).

15

therefore applying the three-year statute of limitations to S 7202. See United States v. Brennick, 908 F.Supp. 1004, 1019 (D.Mass. 1995); see also United States v. Block, 497 F.Supp. 629, 632 (N.D.Ga. 1980). However, the Tenth Circuit's decision, holding that S 6531(4) covers S 7202, is conclusory and furnishes no analytical assistance or weighty precedential authority. The decision offers a string of citations, but none deals with the relationship between S 7202 and S 6531(4). See Porth, 426 F.2d at 521; see also Block, 497 F.Supp. at 631 (the cases mentioned in Porth do not support Porth's conclusion); Brennick, 908 F.Supp. 1018 n.6 (none of the cases cited by Porth supports Porth's conclusion). In addition to the lack of analysis, the Tenth Circuit in Porth also argued in the alternative, stating immediately after its S 6531(4) pronouncement that the first indictment in the case, which occurred within three years

of the offenses, should be looked to for statute of limitations purposes despite the fact that the first indictment was dismissed for technical reasons. See Porth, 426 F.2d at 521. The Tenth Circuit itself appears uncertain of the strength of its own S 6531(4) conclusion, undermining the authority of its decision.

IV.

I respectfully disagree with the arguments raised by the majority and by the Second Circuit in Musacchia. The majority claims that the plain meaning of S 6531(4) clearly encompasses S 7202, vitiating any need for other techniques of statutory interpretation. However, the meaning of S 6531(4) is anything but plain and unambiguous. While the majority claims that S 6531(4) is clear by stressing the importance of the word "any[,]" the majority ignores the fact that applying S 6531(4) effectively swallows the general rule of a three-year statute of limitations for tax offenses. Nearly every violation of the I.R.C. translates into an attempt not to pay taxes. Seizing on "any" to broaden the reach of S 6531(4) in order to include S 7202 has the net effect of vastly expanding S 6531(4), shrinking the applicability of the three-year statute of limitations to near oblivion and rendering the other seven exceptions to the three-year statute of

16

limitations nugatory. The majority provides no principled rationale for delineating the contours of its expanded S 6531(4). As I argue below, the term "any" could properly refer only to tax obligations encompassed by the word "pay" but not obligations to "pay over" taxes. Accordingly, the meaning of S 6531(4) is far from plain and unambiguous. It calls for judicial interpretation.

Resolving S 6531(4)'s ambiguity activates two venerated members of the canon of statutory interpretation which the majority ignored. First, `excepting' clauses are to be interpreted narrowly. See United States v. McElvain, 272 U.S. 633, 639, 47 S. Ct. 219, 220 (1926); see also United States v. Scharton, 285 U.S. 518, 521-2, 52 S. Ct. 416, 417 (1932). Second, criminal statutes are to be interpreted in favor of repose. See United States v. Marion, 404 U.S. 307, 322 n.14, 92 S. Ct. 455, 464 n.14 (1971). These principles provide the framework for determining the meaning and scope of S 6531(4). As a result, the excepting clause of S 6531(4) must be interpreted narrowly, especially given that the instant statute deals with criminal liability.

Moving to the text at issue here, the majority dismisses

the difference between the terms "pay" and "pay over" too handily.2 Both S 7202 and its civil analogue, 26 U.S.C. S 6672, use the term "pay over" in the context of transferring employees' withheld funds to the government, strongly implying that "pay over" is a statutory term of art referring to transferring a third-party's taxes to the government. While the use of the term "pay over" by the United States Code does not rise to the level of a statutory term of art, the term "pay over" does have a strong tendency to refer to transferring a third-party's taxes to the government. Accordingly, the majority misses the point by stressing the importance of "any" in S 6531(4). Even if "any" is to be interpreted expansively as referring to all taxes owed, the expansiveness is only within the category of taxes that are `paid,' not the category of funds `paid over.'

_____

2. The Block Court rejected the argument that "pay" includes "pay over," noting that "although a lay person would probably use this approach, the drafters of s 6531 more likely would have used the terms as are reflected in ss 7201 et seq [sic]." Block, 497 F.Supp. at 632 n.2.

17

V.

The majority argues that having different statutes of limitations for S 7202 and S 7203 would reflect inconsistent decisionmaking on the part of Congress. The answer to the inconsistency charge lies in observing the difference between the crimes of failure to transfer withheld funds and failure to pay one's own taxes. In the case of transferring withheld funds, an employer fails to transfer the funds withheld from several if not hundreds of employees. The more employees affected, the greater the chances that the I.R.S. will discover the crime. In the case of an individual failing to pay his own taxes, such a crime is harder for the I.R.S. to detect since only one individual's return is involved. Accordingly, it would make sense to apply the normal statute of limitations (three years) to the crime of failing to pay withheld taxes since the I.R.S. has greater potential to discover the crime; in the case of the single individual, the I.R.S. has greater difficulty in discovering the crime and needs an extended statute of limitations.3 Furthermore, even if Congress was inconsistent in authorizing a three-year statute of limitations forS 7202 and a six-year statute of limitations for S 7203, it is not our prerogative to remedy the inconsistency. To interpret a statute in a manner designed to resolve a putative policy-based inconsistency brings the court into the forbidden realm of legislative policy-making.

VI.

Finally, the majority selects the wrong inference from the fact that S 6531 tracks S 7201 et seq. While SS 6531(5)-(8) specifically refer to sections in S 7201 et seq., S 6531(4)

_____

3. The majority contests this by citing the statement of the Assistant U.S.
Attorney during oral argument that the I.R.S. does not routinely cross-check employees' W-2 forms against employers' payments of funds withheld from employees' wages. See Maj. Op. at 10 n.4. However, this statement by the AUSA, attributed to "[s]omeone who worked for the Tax Division and is now a specialist in tax crimes," is not contained in the record and reflects a litigation position taken during oral argument. This court should not adopt such a counter-intuitive notion without adequate evidentiary support.

18

does not contain an explicit reference. The majority infers from this lack of a specific reference in S 6531(4) that it covers more than just the section it clearly parallels, S 7203, and encompasses S 7202 as well.4 However, the majority ignores the need to construe excepting clauses restrictively and to interpret criminal statutes in favor of repose. Indeed, S 6531's tracking of S 7201 et seq. gives rise to an alternative inference, namely that even though S 6531(4) fails to mention S 7203, S 6531(4) still should be viewed in the context of the tracking by its sister exceptions. In other words, since exceptions (5)-(8) explicitly track sections of S 7201 et seq., Congress may have intended S 6531(4) to track S 7203 by virtue of the similarity in language between the two provisions even thoughS 7203 is not mentioned explicitly. In fact, the close similarity between the diction of S 7203 and S 6531(4) may have obviated the need for S 6531(4) to mentionS 7203 explicitly. This argument is buttressed by the contention that S 6531(4) refers to only one "offense" rather than "offenses," which must be S 7203 rather than S 7202 given the similarity of language between S 7203 and S 6531(4). In sum, while the majority's inference is plausible, another possible inference exists. Our duty to construe S 6531(4) restrictively and in favor of repose requires selecting the inference that S 6531(4) tracks only S 7203, not S 7202 as well.

VII.

For the above reasons, I respectfully dissent from the majority's conclusion that violations of S 7202 receive a six-year rather than a three-year statute of limitations. The

district court's decision should be reversed and the conviction of Gollapudi vacated due to the expiration of the three-year statute of limitations prior to the commencement of prosecution.

_____

4. Section 6531(4) is closely aligned with S 7203 since S 6531(4) refers to "the offense of willfully failing to pay any tax, or make any return[,]" S 7203 covers "[a]ny person...who willfully fails to pay such estimated tax or tax, make such return" and S 7202 merely adverts to "[a]ny person required to collect, account for, and pay over any tax...."

19

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

20