**UNITED STATES of America, Plaintiff,**

v.

**Floyd Calvin ANGLIN, Defendant.**

**CR. NO. 97–00517 DAE.**

United States District Court,
D. Hawaii.

April 14, 1998.

Loretta A. Faymonville, Office of the Federal Public Defenders, Honolulu, HI, for Floyd Calvin Anglin.

Leslie E. Osborne, Jr., Office of the U.S. Atty., Honolulu, HI, for U.S.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

DAVID ALAN EZRA, District Judge.

The court heard Defendant's Motion on April 13, 1998. Assistant United States Attorney Leslie E. Osborne, Jr., appeared at the hearing on behalf of Plaintiff; Assistant Federal Public Defender Pamela J. Byrne appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion to Dismiss Indictment.

### DISCUSSION

On April 24, 1997, Defendant Floyd Calvin Anglin ("Defendant") was indicted on eight counts of failure to account for and pay withholding and FICA in violation of 26 U.S.C. § 7202, and two counts of failing to make an Employers Annual Federal Unemployment ("FUTA") tax return, Form 940, to the Inter-

nal Revenue Service ("IRS") in violation of 26 U.S.C. § 7203. On March 3, 1998, Defendant filed a motion to dismiss the indictment on the grounds that the statute of limitations precludes prosecution.

Under 26 U.S.C. Section 6531, the statute of limitations for various offenses arising under the internal revenue laws is 3 years. However, the statute does have certain exceptions for which a 6-year statute of limitations applies. There is a split of authority as to whether the 3-year or 6-year statute of limitations applies to offenses under 26 U.S.C. Section 7202 for failure to account for and pay withholding taxes. The difference in opinion centers around whether the language of 26 U.S.C. Section 6531(4), which provides for a 6-year statute of limitations, applies to a violation of 26 U.S.C. Section 7202.

26 U.S.C. Section 6531(4) states that the 6-year statute of limitations shall apply to the "offense of willfully failing to pay any tax, or make any return ... at the time or times required by law or regulations." Some courts have interpreted this language to mean that Section 6531(4) does not cover violations of 26 U.S.C. Section 7202. *See United States v. Brennick*, 908 F.Supp. 1004, 1019 (D.Mass.1995); *United States v. Block*, 497 F.Supp. 629 (N.D.Ga.1980). These courts have concluded that because the statute refers to "the offense," rather than "offenses," Congress only intended to provide a 6-year statute of limitations for violations of 26 U.S.C. Section 7203, and did not intend to enlarge the statute of limitations for violations of 26 U.S.C. Section 7202.[1] *Id.*

However, both of these decisions came from a district court. A different conclusion has been reached by those circuit courts which have addressed this issue.[2] The second circuit, third circuit, and tenth circuits have concluded that 26 U.S.C. Section 6531(4) covers violations of 26 U.S.C. Section 7202. *See United States v. Gollapudi*, 130 F.3d 66, 68–71 (3rd Cir.1997); *United States v. Evangelista*, 122 F.3d 112, 119 (2d Cir. 1997); *United States v. Musacchia*, 900 F.2d 493, 499–500 (2nd Cir.1990); *United States v. Porth*, 426 F.2d 519, 522 (10th Cir.1970).

These courts have determined that violations of Section 7202 have a 6-year statute of limitations, not a 3-year statute of limitations.

This court finds the reasoning of these circuit courts persuasive, in particular the third circuit's reasoning in *Gollapudi*. In *Gollapudi*, the court concluded that under a plain reading of Section 6531(4), it is clear that violations of Section 7202 are subject to a 6-year statute of limitations. *Gollapudi*, 130 F.3d at 70. "Specifically, 26 U.S.C. § 7202 makes it an offense for an employer to willfully fail to 'account for and pay over' to the IRS taxes withheld from employees. Given that § 6531 'pertains to failing to pay any tax,' the District Court correctly found that the failure to pay third-party taxes as covered by § 7202 constitutes failure to pay 'any tax,' and thus, is subject to the six-year statute of limitations under § 6531(4)." *Id.*

In its opinion, the *Gollapudi* court specifically addressed the two district court cases which had concluded that Section 6531(4) did not cover violations of Section 7202, as well as its reasons for finding these authorities unpersuasive. The court explained that "[t]he offenses which fall under the eight exceptions to § 6531 are included either by general description of the proscribed conduct or by reference to a specific section of the code. It is clear to us that where Congress intended to limit the applicability of the § 6531 exceptions, it unambiguously did so. Thus, whereas subsections five, six, seven and eight of § 6531 are expressly limited to offenses arising under §§ 7206(1) and 7202, 7212(a), 7214(a), and 18 U.S.C. § 371 respectively, the District Court correctly held that subsection four contains a general description of offenses, not limited to violations of § 7203 or any other specific offense." *Id.* at 70–71.

The court also found unpersuasive the fact that Section 6531(4) uses the word "offense" rather than "offenses." The court explained that "the language of section 6531(4)-applying the six-year statute of limitations to 'the

---

1. 26 U.S.C. Section 7203 applies to individuals who fail to file a return, supply information, or pay the estimated taxes.

2. The Ninth Circuit has yet to rule on this issue.

offense of willfully failing to pay any tax, or make any return ... at the time or times required by law or regulations'-suggests that it applied to any of several sections of the Code that define such an offense." *Id.* at 71 (internal quotation marks omitted). Finally, the court explained that "it would be inconsistent for Congress to have prescribed a six-year limitation period for the misdemeanor offense defined in 26 U.S.C. § 7203 (failure to file a return or pay tax) while providing only a three-year limitation period for the felony offense defined in § 7202 ...." *Id.* "[I]t would make little sense if the period in which an offense could be prosecuted for the misdemeanor of failing to file a tax return was twice as long as the period in which an offender could be prosecuted for the felony of failure to pay taxes over to the IRS collected on behalf of employees." *Id.*

The court agrees with the reasoning behind the *Gollapudi* decision and finds that the 6-year statute of limitations applies to offenses under 28 U.S.C. Section 7202. As the events which formed the basis for the indictment in this case occurred within six years of the indictment, the statute of limitations did not expire in this case prior to indictment. Accordingly, Defendant's Motion to Dismiss the Indictment is DENIED.

### CONCLUSION

For the reasons stated above, the court DENIES Defendant's Motion to Dismiss Indictment.

IT IS SO ORDERED.