United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 05-20784

———

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL DEAN CORDELL

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-160

———

Before JONES, Chief Judge and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Appellant, Michael Dean Cordell ("Cordell") was convicted of eight counts of violating 26 U.S.C. § 7202 for not paying IRS employee withholding taxes in 1998 and 1999, and he was convicted on three counts of filing false individual income tax returns for the years 1997-99, in violation of 26 U.S.C. § 7206(1). On appeal, Cordell challenges the sufficiency of the evidence solely on the individual tax return verdict and aspects of the sentencing decision. We have reviewed this

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal in light of the briefs and pertinent portions of the record. Finding no error, we AFFIRM.

To establish a violation of 26 U.S.C. § 7206(1) the Government must prove that the accused willfully made and subscribed a tax return, the return declared in writing that it was made under penalty of perjury, and the accused did not believe that the return was true as to every material matter. United States v. Loe, 262 F.3d 427, 435, n.5 (5th Cir. 2001). The Government proved that Cordell filed tax returns claiming credit for his own withholding of employee taxes that he did not pay to the IRS (in his capacity as employer), and he claimed tax refunds for false tax overpayments. Cordell responds that the returns were accurate because he "paid" the taxes by calculating the amount of net pay to be paid to himself (as employee), regardless of whether he remitted the funds to the IRS (as employer). He essentially argues that he cannot be punished because he was an employee.

We reject Cordell's assertions. United States v. Gollapudi, 130 F.3d 66 (3d Cir. 1997). While Cordell, unlike Gollapudi, did not admit that he prepared and signed false tax returns, the evidence was overwhelming to support the conclusions that the taxes were never paid to the IRS and that Cordell was solely responsible for the failure to pay. During the period in question, his various business entities raked in hundreds of thousands of dollars, yet he, as the person responsible for paying the taxes, not only failed to do so but also sought refunds that were fictitious because he never made any tax payments to support a refund.

Cordell concedes that his challenge to the PSR's calculation of unpaid withholding taxes fails if there is sufficient evidence to support this aspect of the conviction. We need not consider it further.

Finally, Cordell argues that he is not subject to a sentencing enhancement for abuse of a position of trust. The district court and the Government, however,

explain that he was in a position of trust with respect to the employees for whose benefit he was required to pay withholding taxes.  This finding was not clearly erroneous.

AFFIRMED.